**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

     Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual
capacities;  NURSE SUSAN CANTERBURY, in her
individual capacity; NURSE JERI SWANN, in her individual
capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual
capacity,

     Defendants.

_____

**STIPULATED SCHEDULING AND DISCOVERY ORDER**
_____

**1.      DATE OF CONFERENCE**

The scheduling conference is currently scheduled for June 23, 2016 at 10:00 a.m.

in Courtroom A-802, Eighth Floor, Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado, before U.S. District Court Judge John L. Kane.

David A. Lane and Julian G.G. Wolfson of the law firm Killmer, Lane &

Newman, LLP, 1543 Champa Street, Suite 400, Denver, Colorado 80202, (303)-571-

1000, will represent Plaintiff Kyle Jeffery Schwark.

Eric M. Ziporin and Ashley M. Kelliher of the law firm Senter Goldfarb & Rice, L.L.C., 3900 East Mexico Avenue, Suite 700, Denver, Colorado 80210, (303) 320-0509, will represent Defendants Wegener, Canterbury, Swann, and Pearce.

Steven A. Michalek and Elizabeth J.M. Howard of the law firm of Childs McCune LLC, 821 17th Street, Suite 500, Denver, Colorado 80202, (303) 296-7300, will represent Defendant Katherine Fitting, M.D.

## 2.      STATEMENT OF CLAIMS AND DEFENSES

### a.      Plaintiff's Statement:

This case concerns an action by Kyle Jeffery Schwark, a former inmate at the Park County Jail in Park County, Colorado, who seeks relief from Defendants for consciously disregarding his obvious and serious medical needs in violation of the Eighth Amendment. Mr. Schwark's First Amended Complaint alleges that Defendants violated his Eighth Amendment rights while he was incarcerated in Park County Jail in November 2013, as well as during the period of time that he was incarcerated in February/March of 2014.  As a result, Mr. Schwark has asserted two separate claims under § 1983 whereby he alleges that Defendants violated his Eighth Amendment rights.

Mr. Schwark's First Amended Complaint also asserts a claim under § 1983 against Defendant Wegener for his failure to train and supervise the Jail's correctional officers, medical staff, and mental health staff.  Mr. Schwark alleges that Defendant Wegener's

failure to properly train and supervise these employees was a moving force and proximate cause behind the deprivation of his constitutional rights.

**Defendants Wegener, Canterbury, Swann, and Peace's Statement:**

Defendants deny the allegations contained in Plaintiff's First Amended Complaint, and that Plaintiff was not given medical care and treatment in violation of the Eighth Amendment. At all times, Plaintiff's medical needs were timely met by jail staff. Plaintiff did not suffer physical injury as a result of Defendants refusing and/or failing to give him medication in either November 2013 or February/March 2014.

Defendants deny that they acted in bad faith and with deliberate indifference to Plaintiff's medical needs, and that they willfully ignored orders and requests for medical attention. Defendant Wegener denies that any jail staff lacked proper training and supervision concerning the healthcare of inmates. Defendant Wegener also denies that there is a custom, policy, or practice of rendering inadequate professional medical care to inmates, or ignoring their medical needs. Defendant Wegener further denies that the alleged acts or omissions of Defendants, or their training and supervision were the cause of Plaintiff's alleged injuries.

Defendants assert the following additional defenses: Defendants are entitled to qualified immunity; Defendants exercised their legal rights in a permissible manner; Plaintiff has failed to mitigate his alleged damages; Plaintiff's alleged damages were caused by reasons of the Plaintiff's own acts and conduct, not by reason of any

unconstitutional conduct by Defendants;  Plaintiff's alleged damages resulted for an intervening and/or superseding cause; and Plaintiff's alleged damages were caused by other parties or non-parties over whom Defendants neither had control nor right of control.

**b.      Defendant Dr. Fitting's Statement:**

Following Mr. Schwark's November 12, 2013 booking in the Park County Jail, Mr. Schwark timely received the following medications: Suboxone, Librium, and Alprazolam. Following Mr. Schwark's February 26, 2014 booking in the Park County Jail, Mr. Schwark also timely received appropriate treatment and medications. Dr. Fitting's care was appropriate and within accepted standards of care under the circumstances in all respects and nothing Dr. Fitting did or decided was a cause of or contributed to any of the Plaintiff's alleged injuries. Dr. Fitting further denies the allegations contained in Plaintiff's First Amended Complaint, and that Plaintiff was not given medical care and treatment in violation of the Eighth Amendment. Dr. Fitting specifically denies that she was deliberately indifferent to Plaintiff's medical needs. Dr. Fitting has not yet filed an answer in this matter, and reserves the right to assert all appropriate additional defenses at that time.

**3.      UNDISPUTED FACTS**

The following facts are undisputed:

1.      On November 6, 2013, Judge Stephen A. Groome sentenced Mr. Schwark to 60 days of custody and 3 years of probation for an alcohol-related driving offense.

2.      On November 12, 2013, Mr. Schwark reported to the Park County Jail to begin his sentence.

3.      On November 17, 2013, Mr. Schwark received a furlough order from Sheriff Wegener releasing him from the custody of the Park County Sheriff's Office due to his medical condition.

4.      Mr. Schwark was discharged from Denver Health on November 19, 2013.

5.      Mr. Schwark returned to the Park County Jail to finish his sentence on February 26, 2014.

## 4.      COMPUTATION OF DAMAGES

Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; all economic losses on all claims allowed by law; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorney's fees and the costs associated with this action on all claims allowed by law; pre- and post-judgment interest at the lawful rate; any further relief that this court deems just and proper; and any other relief as allowed by law.  As investigation and discovery in this matter is ongoing, these damages will be supplemented and/or

amended pursuant to the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure, if necessary.

Defendants Wegener, Canterbury, Swann, and Pearce are not seeking any damages, but reserve their right to any attorney fees and costs to which they may be entitled.  Dr. Fitting is not making a claim for damages. Dr. Fitting will claim attorney fees and costs as appropriate.

### 5.      REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

a.      Date of Rule 26(f) meeting:  May 31, 2016.

b.      Names of each participant and each party represented:  Julian G.G. Wolfson represented the Plaintiff.   Eric M. Ziporin and Ashley M. Kelliher represented Defendants Wegener, Canterbury, Swann, and Pearce.  Steven A. Michalek and Elizabeth J.M. Howard represented Defendant Dr. Fitting.

c.      Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1):  None.

d.      The parties initial disclosures were exchanged on June 14, 2016.

e.      Statement concerning any agreements to conduct informal discovery:  The parties have discussed informal and early disclosure of the jail and medical records to assist defense counsel in evaluating the claims. The parties have also discussed Dr. Fitting's counsel's request for releases to gather medical records.  Plaintiff's counsel has indicated that it objects to Defendant Fitting's request for releases, in light of concerns

pertaining to Plaintiff's privacy.  Defense counsel has requested, and Plaintiff's counsel has agreed, that defense counsel is permitted to conduct *ex parte* communication with Plaintiff's medical providers who do not possess residually privileged information, pursuant to *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007).  This includes, but is not limited to Drs. Singer, Holland, House, Hurlbut, and Thant.  In agreeing to this request, Plaintiff is not waiving his rights under HIPAA or any other privacy laws.

f.      Statement concerning any agreements or proposals regarding electronic discovery:  The parties anticipate that there will be a portion of discoverable information such as emails that exist in electronic form.  The parties have acknowledged their obligation to preserve all electronic information that may be discoverable.  The parties agree that, to the extent feasible, they will exchange information (whether in paper or electronic form) in PDF format.

g.      Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:  The parties agree to reduce discovery and other litigation costs when possible.  The parties have agreed to conduct informal interviews of Plaintiff's medical doctors when possible.

h.      Statement regarding use of the unified exhibit numbering system:  The parties have agreed to use the unified exhibit numbering system.

i.      Anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations,

costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.

**Plaintiff's Statement:** Plaintiff anticipates that the costs associated with conducting this litigation will be approximately $20,000.

**Defendants Wegener, Canterbury, Swann, and Pearce's Statement:** Defendants estimate that costs to defend this litigation, including drafting and responding to written discovery, depositions, and anticipated motions range between $45,000 and $55,000.  Estimated costs for trial preparation and trial will range between an additional $50,000 to $60,000.

**Katherine Fitting, M.D.'s Statement:** Dr. Fitting estimates that costs to defend this litigation, including drafting and responding to written discovery, depositions, and anticipated motions will be approximately $50,000.00. In the event this case proceeds to trial, trial preparation costs and trial may be approximately an additional $50,000.00.

## 6. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties**:  July 15, 2016.

b. **Deadline to Amend Pleadings**:  July 15, 2016.

c. **Discovery Cut-off**:  January 23, 2017.

d. **Dispositive Motion Deadline**:  February 22, 2017.

e. **Expert Witness Disclosure**

    (1)    Statement regarding anticipated fields of expert testimony, if any:

**Plaintiff:** Plaintiff anticipates that he may call experts in the fields of psychiatry and pharmacology.

**Defendants Wegener, Canterbury, Swann, and Pearce:**  Defendants anticipate they may call experts in the fields of internal medicine, psychiatry, toxicology and the provision of medical care in jails/prisons.  They may also call experts required for rebuttal purposes.

**Katherine Fitting, M.D.:**  At this time, Dr. Fitting anticipates potential expert testimony in the fields of internal medicine, psychiatry, and toxicology.

(2)     Statement regarding any limitations proposed on the use or number of expert witnesses:  The parties have discussed limitations on the number of expert witnesses.  The parties propose that expert witnesses be limited to one expert witness in each category per party, not including Plaintiff's medical providers.

(3)     The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 23, 2016.

(4)     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 24, 2016.

(5)    All designations of experts shall include a statement describing the methodology to be used by the particular expert.  *Daubert/Kumho Tire* motions challenging any proposed methodology may be considered before the expert is deposed.  Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

(6)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

f.    **Deposition Schedule**

| Name of Deponent* | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Fred Wegener | TBD | TBD | 7 hours. |
| Susan Canterbury | TBD | TBD | 7 hours. |
| Jeri Swann | TBD | TBD | 7 hours. |
| Cathlene Pearce | TBD | TBD | 7 hours. |
| Katherine Fitting | TBD | TBD | 7 hours. |
| Kyle Schwark | TBD | TBD | 7 hours. |

g.    **Interrogatory Schedule:**  All interrogatories must be served thirty-three (33) days prior to the discovery cut-off, or on or before December 21, 2016.

---

∗ The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

h.      **Schedule for Request for Production of Documents**:  All requests for documents must be served thirty-three (33) days prior to the discovery cut-off, or on or before December 21, 2016.

i.      **Discovery Limitations**

(1)     Any limits any party proposes on the length of any deposition:  The parties agree to limit the length of depositions to one (1) day of seven (7) hours as set forth in Fed. R. Civ. P. 30(d)(1), unless a longer deposition is agreed to by the parties, or ordered by the Court.

(2)     Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:  The parties propose that each party group be able to take the presumptive number of depositions, ten (10), and serve the presumptive number of interrogatories, twenty-five (25).

(3)     Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:  The parties propose that each party group be able to serve the presumptive number of requests for production of documents, twenty-five (25), and the presumptive number of requests for admission, twenty-five (25).

j.      **Other Planning or Discovery Orders**:  None.

## 7.      SETTLEMENT

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibility for a prompt settlement or resolution of the case by alternative dispute resolution.  Despite these good-faith efforts, the parties believe that settlement and/or alternative dispute resolution is not appropriate at this time.  No party has requested a settlement conference before a magistrate judge.

## 8.      OTHER SCHEDULING ISSUES

a.      Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:  Aside from Dr. Fitting's request for releases to gather medical records, there are no discovery or scheduling issues which the parties were unable to reach an agreement on at this time.

b.      Statement of anticipated motions-to be filed, by whom, estimated time of filing, and any proposed briefing schedule:  Defendants Wegener, Canterbury, Swann, and Pearce anticipate that they may file a Motion for Summary Judgment on some or all of Plaintiff's claims at the conclusion of the parties' depositions.  Dr. Fitting has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's Response was filed June 13, 2016. Dr. Fitting will file her Reply on or before June 27, 2016.

c.      The trial is to a jury on all claims permitted by law.

## 9.      AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.

DATED this _____ day of _____, 2016.


BY THE COURT:


_____
JOHN L. KANE, Senior Judge
United States District Court


**STIPULATED SCHEDULING AND DISCOVERY ORDER APPROVED:**


*/s/ David A. Lane*
David A. Lane
Julian G.G Wolfson
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
Phone: 303-571-1000
Fax: 303-571-1001
dlane@kln-law.com
jwolfson@kln-law.com

*Attorneys for Plaintiff*

*/s/ Eric M. Ziporin*
Eric M. Ziporin
Ashley M. Kelliher
SENTER GOLDFARB & RICE LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Phone: 303-320-0509
eziporin@sgrllc.com
akelliher@sgrllc.com

*Attorneys for Defendants Wegener, Canterbury, Swann, and Peace*


*/s/ Elizabeth J.M Howard*
Steven A. Michalek
Elizabeth J.M. Howard
Childs McCune LLC
821 17th Street, Suite 500

Denver, CO 80202
Telephone: (303) 296-7300
FAX: (720) 625-3637
Email: smichalek@childsmccune.com
Email: ehoward@childsmccune.com
Attorney for Defendant Dr. Fitting