IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

    Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities; NURSE SUSAN CANTERBURY, in her individual capacity; NURSE JERI SWANN, in her individual capacity; NURSE CATHLENE PEARCE, in her individual capacity; DOCTOR KATHERINE FITTING, in her individual capacity,

    Defendants.

_____

**KATHERINE FITTING, M.D.'S REPLY IN SUPPORT OF HER MOTION TO DISMISS UNDER RULE 12(b)(6)**
_____

    Defendant Katherine Fitting, M.D., by and through her attorneys, CHILDS MCCUNE LLC, hereby submits her Reply in support of her Motion to Dismiss. In Plaintiff's Response to Defendant Fitting's Motion to Dismiss Under Rule 12(b)(6) (Plaintiff's Response), Plaintiff argues that his Amended Complaint contains sufficient allegations to meet the subjective component necessary to sustain a deliberate indifference claim. Plaintiff asserts that his Amended Complaint "clearly alleges" that Dr. Fitting's response to Plaintiff's obvious health risk was "patently unreasonable" and thus amounted to conscious disregard. Although Plaintiff's Amended Complaint and Response to Dr. Fitting's Motion to Dismiss contain some of the requisite deliberate indifference "buzz" words such as "patently unreasonable," Plaintiff's Amended

Complaint lacks sufficient factual matter to survive Dr. Fitting's Motion to Dismiss. As such, for the reasons set forth in Dr. Fitting's Motion to Dismiss, and this Reply, Dr. Fitting requests dismissal of the claims against her.

## Introduction

Plaintiff's two claims against Dr. Fitting fail because Plaintiff's Amended Complaint does not set forth facts sufficient to satisfy the subjective component prong necessary to sustain a deliberate indifference to serious medical needs claim under the Eighth Amendment.

Plaintiff's first claim against Dr. Fitting is solely supported by Plaintiff's allegations that during Plaintiff's November 2013 incarceration, Dr. Fitting knew that Plaintiff had not received his prescribed medication in days and was exhibiting symptoms of withdrawal, and without examining Plaintiff, made the decision to place Plaintiff on an alcohol withdrawal protocol without any of his medications. (Doc. 13 at ¶ 34). Although Plaintiff's Response attempts to point to additional allegations in Plaintiff's Amended Complaint made collectively against "Defendants" as an allegation against Dr. Fitting, Plaintiff's Amended Complaint fails to make these allegations against Dr. Fitting individually, and thus fails to provide Dr. Fitting with fair notice of these allegations. *See Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); *see also Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are

2

not sufficient to state a constitutional violation.") (Doc. 13 at ¶ 80 and Doc. 28 p. 8). In particular, Plaintiff's Amended Complaint makes no allegation that Dr. Fitting had any knowledge of, or disregarded a Court order to provide Plaintiff any medications. Because Plaintiff's Amended Complaint fails to include sufficient factual allegations to warrant a finding that Dr. Fitting knew of and consciously disregarded Plaintiff's medical needs, this Court should dismiss Plaintiff's first claim against Dr. Fitting. A like result is warranted with respect to Plaintiff's second claim against Dr. Fitting.

Plaintiff's second claim against Dr. Fitting is solely supported by Plaintiff's allegations that during Plaintiff's February 2014 incarceration, Dr. Fitting ordered the medical staff to discontinue Plaintiff's suboxone and chlordiazepoxide and to wean his xanax, that Dr. Fitting did not provide any alternative treatment, and that Dr. Fitting received an update on Plaintiff's status and refused to give Plaintiff his medications. (Doc. 13 at ¶¶ 54 and 56 and ¶¶ 62-63). Again, although Plaintiff's Response attempts to point to additional allegations made against the other Defendants, Plaintiff's Amended Complaint fails to make these allegations against Dr. Fitting individually and thus fails to provide Dr. Fitting with fair notice of these allegations. (Doc. 13 at ¶ 88).

Plaintiff's Response does not dispute that Plaintiff is required to set forth *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her as opposed to the collective allegations in Plaintiff's Amended Complaint. *See Robbins*, 519 F. 3d at 1259 (10th Cir. 2008). Instead,

Plaintiff now attempts to point to several collective allegations against the remaining Defendants as claims made against Dr. Fitting individually. Because Plaintiff's Amended Complaint fails to include sufficient factual allegations against Dr. Fitting to satisfy the subjective component of the deliberate indifference inquiry, this Court must dismiss the claims against Dr. Fitting pursuant to Fed. R. Civ. P. 12(b)(6).

## Argument and Authorities

### A. Plaintiff's allegations against Dr. Fitting do not satisfy the subjective component prong sufficient to maintain an Eighth Amendment deliberate indifference claim.

A prison official cannot incur liability "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006).

Plaintiff cites to *Heidtke v. Corrections Corp. of America*, 489 Fed. Appx. 275, 2012 WL 4458288 (10th Cir. September 27, 2012) (unpublished), and numerous other cases, for the proposition that deliberate indifference may be inferred notwithstanding the fact that some form of care was provided. However, in *Heidtke*, the Court goes on to explain the "extraordinary degree of neglect" required to satisfy the subjective component prong of a deliberate indifference inquiry. *Id.* at 280. Quoting *Self*, 439 F. 3d at 1232-33, the court reiterates, " . . . where a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference

of deliberate indifference is unwarranted under our case law." (emphasis added). *Id*. at 280. In explaining the subjective component of the deliberate indifference test, the court further states that, "in this Circuit, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."" *Id*. As long as the prison physician "provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Id*. at 280-81. Furthermore, this Circuit has limited this subjective inquiry to the doctor's knowledge at the time he or she prescribed treatment for the symptoms presented, not to the treatment that was ultimately rendered necessary. *Id*. at 281.

In *Heidtke*, the district court granted summary judgment in favor of the prison physician, the inmate appealed, and the Tenth Circuit affirmed finding that the inmate had failed to establish that the physician consciously disregarded his medical needs following an arm fracture. There, the inmate alleged that the defendant physician was deliberately indifferent to his medical needs because the physician knew the inmate needed to return to the hospital based on the emergency room doctor's discharge instructions, the inmate needed to be assigned to a lower bunk and was not given such a restriction, leaving a broken arm splinted rather than casted posed a substantial risk of serious injury, and the inmate was not returned to the hospital despite pain and swelling. *Id*. at 278.

Focusing on the subjective component of the deliberate indifference test, the Tenth Circuit found that the district court record did not support an inference that the physician possessed the required culpable subjective mental state for deliberate indifference. In affirming the district court, the Tenth Circuit went on to explain that a deliberate indifference claim is actionable only where the need for a referral or additional treatment is obvious. *Id*. at 281-82. The Court delineated several instances in which obviousness may be found: (1) where a medical professional completely denies care; (2) when a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition; and (3) where a medical professional recognizes an inability to treat the injured party because of the seriousness of the condition, but declines or unnecessarily delays referral. *Id*. at 282-83.

Here, applying the rationale of the *Heidtke* Court, Plaintiff has failed to set forth facts showing that Dr. Fitting consciously disregarded his medical needs. Plaintiff's Amended Complaint and Plaintiff's Response do not argue that Dr. Fitting completely denied care. Instead, the facts Plaintiff sets forth allege that during Plaintiff's November 2013 incarceration, Dr. Fitting placed Plaintiff on an alcohol withdrawal protocol instead of providing him his medications, and that during Plaintiff's February 2014 incarceration that Dr. Fitting ordered a discontinuation of two of Plaintiff's medications and that Plaintiff be weaned from his third medication. Dr. Fitting also did not fail to treat a medical condition so obvious that even a layman would recognize the condition, nor does

6

Plaintiff make such an allegation in his Amended Complaint. Plaintiff's symptoms during both his November 2013 and February 2014 incarcerations would not evidence a medical urgency so unmistakable that it would have been apparent to a layman. *See Heidtke*, 489 Fed. Appx. at. 283. Finally, there is no evidence or allegation that Dr. Fitting declined to treat Plaintiff because of an inability to treat him. *Id*.

Instead, Plaintiff's Amended Complaint and Response claim that the care Dr. Fitting provided was "patently unreasonable," but Plaintiff fails to set forth actual factual allegations supporting this legal accusation. Although Plaintiff's Response attempts to point to allegations made against the other Defendants in an attempt to cure some of his Amended Complaint's deficiencies, this should not be permitted. Solely accepting the allegations against Dr. Fitting as true, as required for this Motion to Dismiss, Plaintiff has failed to set forth sufficient facts to maintain his first or second claims against Dr. Fitting.

Furthermore, Plaintiff, with a very narrow interpretation of the Tenth Circuit's decision in *Boyett*, attempts to argue that the *Boyett* decision has no bearing on the disposition of this Motion. As Dr. Fitting points out in her Motion to Dismiss, the specific facts of the *Boyett* case involved the prescription of a substitute medication; however, the issue before the Court was whether the failure to provide the medicine and care prescribed by a treating physician prior to incarceration amounted to deliberate indifference. In finding that prescribing a substitute medication did not demonstrate deliberate indifference, the Tenth Circuit reiterated prior precedent of this Circuit finding

7

that "A prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment. *Boyett v. County of Washington*, 282 Fed. Appx. 667, 2008 WL 2483286 (10th Cir. June 19, 2008) (unpublished).

Although the facts of this case do not involve a substitute medication, Plaintiff's Amended Complaint alleges that Dr. Fitting made medical decisions, including placing Plaintiff on an alcohol withdrawal protocol during his November 2013 incarceration and removing Plaintiff from two medications, and weaning Plaintiff from a third medication during his February 2014 incarceration. These decisions are medical judgment decisions, and the allegations in Plaintiff's Amended Complaint do not establish otherwise. As such, the same reasoning the *Boyett* Court applied can be applied to the specific facts of this case.

## Conclusion

Plaintiff's Amended Complaint fails to state an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Fitting. Instead, Plaintiff's Amended Complaint establishes that Dr. Fitting exercised her medical judgment in treating Plaintiff. Because "deliberate indifference" and not medical negligence is the applicable standard for Plaintiff's Eighth Amendment claim, a difference in opinion over the adequacy of medical treatment does not establish that the care provided was "patently unreasonable" and thus cannot provide the basis for Plaintiff's claims.

WHEREFORE, For the reasons set forth in Dr. Fitting's Motion to Dismiss and this Reply, Dr. Fitting requests that this Court grant this Motion to Dismiss, dismissing all claims against Dr. Fitting with prejudice, enter judgment in favor of Dr. Fitting and against Mr. Schwark for attorney fees pursuant to 42 U.S.C. § 1988, enter judgment in favor of Dr. Fitting and against Mr. Schwark for costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of June, 2016.

*/s/ Steven A. Michalek*
Steven A. Michalek
Elizabeth J.M. Howard
Childs McCune LLC
821 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 296-7300
FAX: (720) 625-3637
Email: smichalek@childsmccune.com
Email: ehoward@childsmccune.com
Attorney for Defendant Dr. Fitting

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on June 24, 2016, a true and correct copy of the foregoing **KATHERINE FITTING, M.D.'S REPLY IN SUPPORT OF HER MOTION TO DISMISS UNDER RULE 12(b)(6)** was filed with the Court and served electronically via ECF upon the following:

| | |
|---|---|
| David A. Lane | Ashley McCall Kelliher |
| Julian Wolfson | Eric Michael Ziporin |
| Killmer, Lane & Newman, LLP | Senter Goldfarb & Rice, LLC |
| 1543 Champa St., Ste. 400 | 3900 East Mexico Avenue, Suite 700 |
| Denver, CO  80202 | Denver, CO 80210 |
| Email: dlane@kln-law.com | Email: akelliher@sgrllc.com |
| Email: JWolfson@kln-law.com | Email: eziporin@sgrllc.com |

                *s/ Mary Baltz*

  This document will be maintained in accordance with C.R.C.P. 121 § 1-26(7).

10