UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 15-cv-2507-JLK

KYLE JEFFEREY SCHWARK,

    Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;
NURSE SUSAN CANTERBURY,
NURSE JERI SWANN,
NURSE CATHLENE PEARCE, and
KATHERINE FITTING, M.D., in their individual capacities,

    Defendants.

_____

**ORDER DENYING DR. FITTING'S MOTION TO DISMISS (Doc. 22)**
_____

Kane, J.

    Plaintiff is a former inmate at the Park County Jail who claims Defendants' refusal during two separate periods of incarceration to give him specific doctor-prescribed medications while he was unconscious caused him to suffer severe alcohol withdrawal and seizures that resulted in a fracture of his cervical spine. Plaintiff claims individual medical personnel's actions, and the Sheriff Department's failure properly to supervise and train them, constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks redress in the form of money damages under 42 U.S.C. § 1983. The matter is before me on an individual Motion to Dismiss

1

filed by Dr. Katherine Fitting, who argues Plaintiff's allegations are insufficient under *Iqbal-Twombly* pleading standards to state a claim against her for which relief may be granted. I DENY the Motion.

In reviewing a motion to dismiss under Rule 12(b)(6), the *Iqbal/Twombly* standard requires a trial judge to ask whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 566 U.S. 663, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Tenth Circuit in *Robbins v. Oklahoma* articulated what remains the operative definition of "plausibility":

> '[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. 'Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.'

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir.2008) (quoting *Twombly,* 127 S.Ct. at 1974)( internal citations and footnote omitted)).

The degree of specificity necessary to establish plausibility and fair notice in any given case depends on context. *Id.* at 1248 (comparing "plausibility" standards in

different contexts, specifically including § 1983 case). In the § 1983 context, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." *Robbins*, 519 F.3d at 1249.[1]

The question with regard to Dr. Fitting is whether Mr. Schwark's factual allegations provide her with notice of his specific theories of individual liability against her, on each of his two claims for relief. This includes Mr. Schwark's theory for how Dr. Fitting, personally, was objectively unreasonable and deliberately indifferent to his serious medical needs during each of the two periods of incarceration at issue. I have evaluated Mr. Schwark's Complaint in light of this admonition, and find it suffices.

With regard to his November 2013 incarceration, Mr. Schwark alleges Dr. Fitting put him on an alcohol withdrawal protocol, without examining him, under specifically enumerated circumstances that rendered her treatment "patently unreasonable." *See* Compl. ¶ 34 ("Despite knowing that Mr. Schwark had not received any of his prescribed

---

[1] From *Robbins*:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state. *See Twombly,* 127 S.Ct. at 1970–71 n. 10.

519 F.3d at 1249-50 (holding collective term of "defendants" or list of defendants named individually without distinction as to what acts are attributable to whom renders individual notice impossible).

medications in days and that he was exhibiting obvious symptoms of withdrawal, Dr. Fitting made the patently unreasonable decision to place him on an alcohol protocol without any of his medication, or even alternative medications, to treat his underlying condition and/or symptoms of withdrawal. Dr. Fitting made this decision without ever personally speaking to or examining Mr. Schwark. To this day, Mr. Schwark has never met Dr. Fitting in person."). Mr. Schwark alleges this caused him to have seizures, which in turn caused his injuries. Mr. Schwark was incarcerated for a period of time again in February 2014, during which time he alleges Dr. Fitting – with full knowledge of what happened before -- ordered medical personnel to discontinue two of his medications and to wean him from a third, without offering any alternative treatment.

      The deliberate withholding of prescribed medications in the manner alleged is objectively unreasonable and sufficiently serious to state a claim under the Eighth Amendment. As to the subjective component of deliberate indifference, terminating prescribed medications without first examining a patient or reviewing his medical records are allegations of a disregard sufficiently beyond mere negligence or inadvertence as to violate established standards of medical care and constitute deliberate indifference without further elaboration. These allegations, which I must presume for the purposes of this Motion to be true, are sufficient to state a constitutional claim against Dr. Fitting and to provide her with fair notice of the basis of Mr. Schwark's claim against her. I note that Dr. Fitting appears to have a sound basis in fact and in law for the defensibility of her actions as a matter of fact and law (i.e., that prison doctors are free to exercise their independent professional judgment and that inmates are not entitled to any particular

4

course of treatment, *see Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) and *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999)), but that her defenses are fact-based and not amenable to resolution on a motion to dismiss. It may be that Mr. Schwark faces a serious impediment to overcoming a future motion for summary judgment, but for purposes of Rule 12(b)(6), his Complaint passes muster.

Dr. Fitting's Motion to Dismiss (Doc. 22) is DENIED.

Dated this 27th day of June, 2016.

*John L. Kane*
SENIOR U.S. DISTRICT JUDGE