## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

    Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities; NURSE SUSAN CANTERBURY, in her individual capacity; NURSE JERI SWANN, in her individual capacity; NURSE CATHLENE PEARCE, in her individual capacity; DOCTOR KATHERINE FITTING, in her individual capacity,

    Defendants.

___

### DEFENDANT KATHERINE FITTING, M.D.'S ANSWER AND JURY DEMAND
___

Defendant Katherine Fitting, M.D. ("Dr. Fitting"), by and through her attorneys, CHILDS MCCUNE LLC, hereby submits the following Answer to Plaintiff's First Amended Complaint and Jury Demand [Doc. #13] ("Complaint") as follows:

### ANSWER TO INTRODUCTION

1. In response to the allegations and characterizations contained in paragraph 1 of the Complaint, Dr. Fitting admits that Plaintiff was an inmate at the Park County Jail in Park County, Colorado, and that he has brought this lawsuit against her. Dr. Fitting denies the remaining allegations and characterizations contained in paragraph 1 of the Complaint.

2. In response to the allegations and characterizations contained in paragraph 2 of the Complaint, Dr. Fitting admits that Plaintiff fractured a vertebra, sustained a laceration on his

head, and was transferred to Denver Health. Dr. Fitting denies the remaining allegations and characterizations contained in paragraph 2 of the Complaint.

3. In response to the allegations and characterizations contained in paragraph 3 of the Complaint, Dr. Fitting admits that Plaintiff was released on medical furlough and that he returned to the Park County Jail. Dr. Fitting denies the remaining allegations contained in paragraph 3 of the Complaint.

4. In response to the allegations and characterizations contained in paragraph 4 of the Complaint, Dr. Fitting admits that Plaintiff had psychological issues prompting hospitalization at Denver Health Medical Center where he was treated with anti-psychotic medications. Dr. Fitting denies the remaining allegations and characterizations contained in paragraph 4 of the Complaint.

5. Dr. Fitting denies the allegations and characterizations contained in paragraph 5 of the Complaint.

## ANSWER TO JURISDICTION AND VENUE

6. With respect to the allegations and characterizations contained in paragraphs 6 and 7 of the Complaint, Dr. Fitting admits that this Court has subject matter jurisdiction over the federal law claims, and that venue is proper in the United States District Court for the District of Colorado. Dr. Fitting further admits that she was a resident of the State of Colorado at the time of the alleged events giving rise to this litigation. Dr. Fitting denies all other allegations and characterizations contained in paragraphs 6 and 7 of the Complaint.

## ANSWER TO PARTIES

7. In response to the allegations in paragraph 8 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

8. In response to the allegations in paragraphs 9, 75, and 86 of the Complaint, Dr. Fitting admits that she was a United States Citizen and State of Colorado resident at all times relevant to this litigation, and that she was acting pursuant to her official job duties and under color of state law in connection with her interactions with Plaintiff. Dr. Fitting denies all other allegations and characterizations contained in paragraphs 9, 75, and 86 of the Complaint.

9. In response to the allegations in paragraph 10 of the Complaint, Dr. Fitting admits that Fred Wegener is the Sheriff of Park County, Colorado and that he trains and oversees jail staff. Dr. Fitting denies all other allegations and characterizations contained in paragraph 10 of the Complaint either specifically or because she is without sufficient information and knowledge to form a belief as to the truth of the allegations.

10. In response to the allegations in paragraphs 11 through 13 of the Complaint, Dr. Fitting admits that Susan Canterbury, Jeri Swann, and Cathlene Pearce are nurses who worked at the Park County Jail.  Dr. Fitting further admits that these individuals provided medical care to Park County Jail inmates. Dr. Fitting denies all other allegations and characterizations contained in paragraphs 11 through 13 of the Complaint either specifically or because she is without sufficient information and knowledge to form a belief as to the truth of the allegations.

11. In response to the allegations in paragraph 14 of the Complaint, Dr. Fitting admits that she is a physician who provides medical care for Park County Jail inmates. Dr. Fitting denies all other allegations and characterizations contained in paragraph 14 of the Complaint.

### ANSWER TO FACTUAL ALLEGATIONS

12. In response to the allegations contained in paragraphs 15 through 21 of the Complaint, Dr. Fitting admits that Plaintiff reported to the Park County Jail on November 12, 2013. Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraphs 15 through 21 and therefore denies same.

14. In response to the allegations contained in paragraph 22 of the Complaint, Dr. Fitting admits the Plaintiff filled out a medical questionnaire. Dr. Fitting denies all other allegations and characterizations contained in paragraph 22 of the Complaint.

15. In response to the allegations contained in paragraph 23 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

16. In response to the allegations contained in paragraphs 24 through 26 of the Complaint, these allegations are not directed at Dr. Fitting and therefore no response is required. However, to the extent any of these allegations are directed at Dr. Fitting and a response is required, Dr. Fitting denies these allegations.

17. In response to the allegations and characterizations contained in paragraphs 27 and 28 of the Complaint, Dr. Fitting denies that Plaintiff's medications were suddenly withdrawn. Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations in paragraphs 27 and 28 and therefore denies same.

18. In response to the allegations contained in paragraphs 29 and 30 of the Complaint, these allegations are not directed at Dr. Fitting and therefore no response is required. However, to the extent any of these allegations are directed at Dr. Fitting and a response is required, Dr. Fitting either denies these allegations specifically or is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

19. In response to the allegations contained in paragraph 31 of the Complaint, Dr. Fitting admits that Plaintiff was taken to the medical pod of the Park County Jail. Dr. Fitting denies all other allegations and characterizations contained in paragraph 31 of the Complaint.

20. In response to the allegations contained in paragraphs 32 and 33 of the Complaint, Dr. Fitting admits that she was advised of Plaintiff's condition when he was in the medical pod. Dr. Fitting denies all remaining allegations contained in paragraphs 32 through 33.

21. In response to the allegations contained in paragraph 34 of the Complaint, Dr. Fitting states that she provided medical care and treatment recommendations consistent with the jail records, including placing Plaintiff on an alcohol withdrawal protocol. Dr. Fitting states that it was not necessary to personally see Plaintiff to provide these recommendations. Dr. Fitting denies all remaining allegations contained in paragraph 34 of the Complaint.

22. In response to the allegations contained in paragraph 35 of the Complaint, these allegations are not directed at Dr. Fitting and therefore no response is required. To the extent a response is required, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

23. In response to the allegations contained in paragraph 36 of the Complaint, Dr. Fitting admits that Plaintiff fractured a vertebra and cut his head. Dr. Fitting denies that

Plaintiff's medication was suddenly withdrawn, and that he suffered a seizure and fell off of a gurney onto the floor as a result of sudden withdrawal of his medication. Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies same.

24.     In response to the allegations contained in paragraphs 37 through 39, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

25.     In response to the allegations contained in paragraphs 40 through 41 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

26.     In response to the allegations contained in paragraphs 42 through 50 of the Complaint, Dr. Fitting denies that Plaintiff was continually denied access to his medication. In response to the remaining allegations, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraphs 42 through 50 and therefore denies same.

27.     In response to the allegations contained in paragraph 51 of the Complaint, Dr. Fitting admits that Plaintiff was rebooked in the Park County Jail. Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 51 and therefore denies same.

28.     In response to the allegations contained in paragraph 52 of the Complaint, Dr. Fitting admits that Plaintiff filled out a medical questionnaire and emergency notification form. Dr. Fitting denies all other allegations contained in paragraph 52.

29. In response to the allegations contained in paragraph 53 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

30. In response to the allegations contained in paragraphs 54 through 56, Dr. Fitting admits that she provided medical care and treatment recommendations consistent with the jail records, including ordering a discontinuation of Plaintiff's suboxone and chlordiazepoxide, and beginning to wean Plaintiff from xanax. Dr. Fitting states that it was not necessary to personally meet with the Plaintiff to provide these treatment recommendations. Dr. Fitting denies all remaining allegations contained in paragraphs 54 through 56 of the Complaint.

31. In response to the allegations contained in paragraph 57 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of these allegations and therefore denies same.

32. In response to the allegations contained in paragraphs 58 through 59 of the Complaint, Dr. Fitting denies these allegations.

33. In response to the allegations contained in paragraphs 60 through 61 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

34. In response to the allegations contained in paragraph 62 and 63 of the Complaint, Dr. Fitting admits that she received an update regarding the Plaintiff's condition. Dr. Fitting denies that Plaintiff's medication was suddenly withdrawn or that she refused Plaintiff needed medications. Dr. Fitting is without sufficient information and knowledge to form a belief as to

the truth of the remaining allegations contained in paragraphs 62 and 63 and therefore denies same.

35. In response to the allegations contained in paragraph 64 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

36. In response to the allegations contained in paragraph 65 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

37. In response to the allegations contained in paragraph 66 of the Complaint, Dr. Fitting admits that Plaintiff appeared to have psychological issues that required him to be hospitalized at Denver Health Medical Center where he was treated with anti-psychotic medications. Dr. Fitting denies the remaining allegations contained in paragraph 66 either specifically or because of a lack of sufficient information and knowledge to form a belief as to the truth of the allegations.

38. In response to the allegations contained in paragraph 67 of the Complaint, Dr. Fitting is without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore denies same.

39. The allegations contained in paragraphs 68 through 69 are not directed at Dr. Fitting and therefore no response is required. To the extent a response is required, Dr. Fitting denies these allegations.

40. In response to the allegations contained in paragraphs 70 through 73 of the Complaint, Dr. Fitting denies these allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

41. In response to the allegations contained in paragraph 74 of the Complaint, Dr. Fitting incorporates her responses to the allegations in all previous paragraphs as if fully set forth herein.

42. In response to the allegations contained in paragraphs 76 through 84 of the Complaint, Dr. Fitting denies these allegations.

## ANSWER TO SECOND CLAIM FOR RELIEF

43. In response to the allegations contained in paragraph 85 of the Complaint, Dr. Fitting incorporates her responses to the allegations in all previous paragraphs as if fully set forth herein.

44. In response to the allegations contained in paragraphs 87 through 95 of the Complaint, Dr. Fitting denies these allegations.

## ANSWER TO THIRD CLAIM FOR RELIEF

45. In response to the allegations contained in paragraph 96 of the Complaint, Dr. Fitting incorporates her responses to the allegations in all previous paragraphs as if fully set forth herein.

46. The allegations contained in paragraphs 97 through 101 are not directed toward Dr. Fitting and therefore no response is required. To the extent a response is required, Dr. Fitting denies these allegations.

47. Dr. Fitting denies all other allegations not otherwise expressly admitted herein.

## DEFENSES

The Rules of Civil Procedure require every defendant to plead potential Affirmative Defenses at the time the Answer is filed, or risk a determination that the potential Affirmative Defenses are waived, even though no disclosures have been exchanged, and no right of discovery exists, at the time the Answer is filed. Therefore, the following Affirmative Defenses are necessarily pled based only on information and belief. Dr. Fitting reserves the right to seek leave to add, withdraw, and/or modify Affirmative Defenses once the disclosures are exchanged, discovery is received, or other information is obtained. In identifying the following as "Affirmative Defenses," Dr. Fitting does not imply that the burden of proof or of going forward with evidence has shifted, as that is a matter of Court determination.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted against Dr. Fitting.

2. Dr. Fitting's conduct was not the cause in fact, nor the proximate cause of any injury, loss or damage, alleged by Plaintiff.

3. Dr. Fitting is immune from Plaintiff's claims for relief based on qualified immunity. (Dr. Fitting recognizes this Court's position on qualified immunity as a defense and is in the process of analyzing whether a motion raising this issue is warranted).

4. Plaintiff may have failed to mitigate his injuries, damages, or losses.

5. Plaintiff's alleged damages, if any, were caused by reasons of the Plaintiff's acts and conduct, not by reason of any unconstitutional conduct by Dr. Fitting.

6. Dr. Fitting at all times exercised her legal rights in a permissible manner.

7. Dr. Fitting's actions were at all times legally privileged.

8. Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

9. Plaintiff's damages resulted from an intervening or superseding cause.

10. Plaintiff's damages were caused by other parties or non-parties over whom Dr. Fitting neither had control nor the right to control.

11. Plaintiff may not be the real party in interest to some or all of the claims set forth in Plaintiff's Complaint.

12. Plaintiff may have failed to join necessary and indispensable parties.

13. Plaintiff may have failed to plead or prove an assignment.

14. Plaintiff's injuries and damages, if any, may be a direct and proximate result of Plaintiff's own comparative or contributory negligence, which bars or completely diminishes Plaintiff's right of recovery.

15. Plaintiff's recoverable damages, if any, may be subject to reduction for payment from collateral sources.

16. Plaintiff may have consented to the actions that form the basis for the allegations in Plaintiff's Complaint. Plaintiff may, therefore, be barred from recovering damages as a result thereof.

17. Some of Plaintiff's damages may be the result of a known risk or risks that should have been known to Plaintiff and Plaintiff may be precluded from recovery herein

18. Dr. Fitting reserves the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

19. Dr. Fitting hereby asserts any defenses listed by any other party who may Answer, or listed in the Scheduling Order.

## REQUEST FOR RELIEF

Wherefore, having fully answered Plaintiff's Complaint, Dr. Fitting requests that the same be dismissed with prejudice and for judgment in her favor, for costs and fees relating to this lawsuit, including but not limited to, expert witness fees, filing fees, and deposition expenses, as well as applicable interest thereon, and for such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

**DR. FITTING HEREBY DEMANDS A TRIAL TO A JURY PURSUANT TO FED.R.CIV.P. 38.**

Respectfully submitted this 11th day of July, 2016.

>  /s/ Steven A. Michalek
> Steven A. Michalek
> Elizabeth J.M. Howard
> Childs McCune LLC
> 821 17th Street, Suite 500
> Denver, CO 80202
> Telephone: (303) 296-7300
> FAX: (720) 625-3637
> Email: smichalek@childsmccune.com
> Email: ehoward@childsmccune.com
> Attorney for Defendant Dr. Fitting

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on July 11, 2016, a true and correct copy of the foregoing **DEFENDANT KATHERINE FITTING, M.D.'S ANSWER AND JURY DEMAND** was filed with the Court and served electronically via ECF upon the following:

| | |
|---|---|
| David A. Lane | Ashley McCall Kelliher |
| Julian Wolfson | Eric Michael Ziporin |
| Killmer, Lane & Newman, LLP | Senter Goldfarb & Rice, LLC |
| 1543 Champa St., Ste. 400 | 3900 East Mexico Avenue, Suite 700 |
| Denver, CO  80202 | Denver, CO 80210 |
| Email: dlane@kln-law.com | Email: akelliher@sgrllc.com |
| Email: JWolfson@kln-law.com | Email: eziporin@sgrllc.com |

                *s/ Melinda Perez*

This document will be maintained in accordance with C.R.C.P. 121 § 1-26(7).

13