## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-2507-JLK

KYLE JEFFERY SCHWARK,

      Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;
NURSE SUSAN CANTERBURY, in her individual capacity;
NURSE JERI SWANN, in her individual capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual capacity,

      Defendants.

_____

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
_____

Plaintiff Kyle Schwark, by and through his attorneys, David A. Lane, Andy McNulty, and Eudoxie (Dunia) Dickey, the following Motion for Leave to File a Second Amended Complaint, and in support thereof, states as follows:

### 1. Introduction

Plaintiff seeks to amend his Complaint to add Captain Daniel Muldoon as a defendant in this matter. During last week's deposition of Defendant Susan Canterbury, it was elicited that Captain Muldoon is also liable for the violation of Plaintiff's Constitutional rights that are detailed in Plaintiff's Complaint. Plaintiff asks that the Court allow him to name Captain Muldoon as a defendant in this matter, and to clarify, add several factual allegations to the Complaint so as to properly allege Captain Muldoon's involvement in the violation of Plaintiff's constitutional rights.

### 2. The legal standard governing motions to amend.

"Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings" and "[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). "Generally, the Court liberally should allow for amendments to pleadings under Federal Rule of Civil Procedure 15(a)." *Harger v. Talley*, 2005 U.S. Dist. LEXIS 14509, at *6 (D. Nev. 2005). Rule 15(a) provides for liberal amendment of pleadings, even after a responsive pleading has been filed. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"The underlying purpose of Fed. R. Civ. P. 15(a) is, of course, to facilitate a decision on the merits." *Polhemus v. Great-West Life & Annuity Ins. Co.*, No. 09-cv-00093-MSK-KMT, 2009 U.S. Dist. LEXIS 102714, at *12 (D. Colo. Oct. 16, 2009); *see also Kennington v. United States Dep't of the Treasury*, 490 F. App'x 939, 943 (10th Cir. 2012) (finding reversible error when court did not adequately justify denying Plaintiff's motion for leave to amend pleading). As such, the nonmoving party has the burden of showing that the proposed amendment is sought in bad faith, causes undue delay, substantial prejudice, or that the amendment would be futile. *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 U.S. Dist. LEXIS 48125, at *9 (D. Colo. Apr. 27, 2010).

**3. Leave to amend Plaintiff's Complaint should be granted because leave to amend is sought without undue delay, bad faith, or dilatory motive.**

No undue delay, bad faith, or dilatory motive drives Plaintiff's desire to amend the Complaint.  This case is still well within the discovery stage. Moreover, Plaintiff only became aware of facts to support liability for Captain Daniel Muldoon last week, during Defendant Nurse Susan Canterbury's deposition. During Defendant Canterbury's deposition, she revealed that Captain Muldoon prevented her, and other nurses, from providing medical treatment to Mr. Schwark while he was incarcerated at the Park County Detention Center. Specifically, Captain Muldoon ensured that Mr. Schwark was not transferred for outside medical treatment for over five days, while in the throes of a dangerous and terrifying psychotic episode. Further, Defendant Canterbury testified that Captain Muldoon had supervisory authority over her and the other nurse defendants. She testified that Captain Muldoon made determinations as to who at Park County Detention Center would receive further medical treatment. Captain Muldoon's deliberate indifference to Mr. Schwark's obviously serious medical needs implicates him in this case.

Upon being made aware of these additional facts that support Captain Muldoon's liability for the violation of Mr. Schwark's Constitutional rights, Plaintiff is, in good faith, promptly and diligently moving to amend the Complaint. Undue delay, bad faith, or dilatory motive are therefore not grounds for denial of Plaintiff's motion.

**4. Leave to amend Plaintiff's Complaint should be granted because amendment will not prejudice Defendants.**

"Prejudice in this context 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Qdoba Rest. Corp. v. Taylors, LLC*, No. 08-cv-01179-MSK-KLM, 2008 U.S. Dist. LEXIS 82849, at *8 (D. Colo. Sept. 25, 2008) (quoting *Taliaferro v. Kansas City, Kan.*, 128 F.R.D. 675, 678 (D. Kan. 1989)).

Defendants here, as the parties opposing the amendment, bear the burden of proving prejudice.

*Taliaferro*, 128 F.R.D. at 678.

In *PumpCo, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc.*, 204 F.R.D. 667 (D.

Colo. 2001), United States Magistrate Judge Boland found the lack of a trial date sufficient to

permit amendment of a complaint after discovery had closed:

> [N]o trial date has been set.  In the event the parties believe that additional
> discovery is required in light of the amendments, they may ask to reopen
> discovery and to alter any other deadlines, as necessary. Any prejudice which
> might arise from these late amendments is thus capable of being cured.

*Pumpco, Inc.,* 204 F.R.D. at 669.  In this case, discovery has yet to close. If the Court in

*Pumpco, Inc.* found the lack of a trial date as a factor militating in favor of permitting

amendment, certainly the early stage in litigation in this matter weighs in Plaintiff's favor. Even

if amendment were to require further discovery, the need for additional discovery does not by

itself establish undue prejudice. *See SEC v. Nacchio*, 2008 U.S. Dist. LEXIS 76138, at *7 (D.

Colo. Jul. 14, 2008). Further, if Defendants believe that they need additional discovery to defend

against the claims alleged in Plaintiff's Complaint, Plaintiff is amendable to allowing Defendants

any additional discovery they should require.

Moreover, "[c]ourts typically find prejudice only when the amendment unfairly affects

the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208

(quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice pursuant to Fed. R. Civ.

P.  15(a) "'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change

of tactics or theories on the part of the other party.'" *HCA-Healthone LLC v. Susan Lou Sparks

Trust,* 2006 U.S. Dist. LEXIS 91913, at *1 (D. Colo. Dec. 20, 2006) (quoting *Deakyne v.

Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). Allowing amendment in this matter would

not require that Defendants change tactics or theories. Plaintiff retains the same claims against

the Defendants in this lawsuit. Further, practically the same factual allegations that underpin the

claims currently in Plaintiff's Complaint also underpin the claim against Captain Muldoon that

Plaintiff wishes to add. Defending against these legal claims and factual allegations would not

require Defendants to shift their defense strategy, as Plaintiff still seeks the same relief based on

the same set of facts. Plaintiff planned to utilize Nurse Canterbury's deposition testimony in any

case.

Finally, the United States Court of Appeals for the Tenth Circuit has held that district

courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.

*See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Plaintiff wishes to amend his

Complaint to include a meritorious claim against Captain Muldoon. Plaintiff asks that this Court

not foreclose relief against Defendant Muldoon without allowing Plaintiff to present evidence of

Captain Muldoon's liability for Plaintiff's injuries.

**5. Leave to amend Plaintiff's Complaint should be granted because amendment is not futile.**

"A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County*

*Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  Plaintiff's

amendments here are not futile. Plaintiff wishes to add Captain Muldoon, an individual liable for

Plaintiff's injuries and the violation of his Constitutional rights. Ultimately, "[i]f the underlying

facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be

afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. This case

clearly presents facts that would afford Plaintiff relief against Captain Muldoon. As such, this

Court should allow Plaintiff to amend his Complaint to allow claims against Captain Muldoon to

be tested on the merits.

**6. Certification Pursuant to D.C. Colo. LCivR.7.1**

Counsel for Plaintiff, Andy McNulty, conferred with counsel for Defendants Wegner, Canterbury, Pearce, and Swan, Eric Ziporin, and counsel for Defendant Fitting, Steve Michalek, on February 8, 2017, concerning the relief sought by this motion.  Defendant Fitting takes no position with respect to this motion. Defendants Wegner, Canterbury, Pearce, and Swan oppose Plaintiffs' proposed amendment of the Second Amended Complaint.

**7. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File an Amended Complaint, accept as filed Plaintiff's Second Amended Complaint attached as Exhibit 1, and grant any other relief that is deemed just and proper.

Respectfully submitted this 14th day of February, 2017.

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*

_____

David A. Lane
Andy McNulty
Eudoxie (Dunia) Dickey
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dlane@kln-law.com
amcnulty@kln-law.com

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 14th day of February, 2017, I filed the foregoing via CM/ECF which will generate a notice and service on the following:

Steve Michalek
Elizabeth Howard
Childs McCune
821 17th Street, Suite 500
Denver, CO 80202
smichalek@childsmccune.com
ehoward@childsmccune.com
*Attorneys for Dr. Katherine Fitting*

Eric Ziporin
Ashley Kelliher
Senter Goldfarb & Rice
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
eziporin@sgrllc.com
sohayre@sgrllc.com
*Attorneys for Sheriff Fred Wegener,*
*Susan Caterbury and Jeri Swan*

*s/ Sydney Wolak*
Sydney Wolak
