IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

      Plaintiff,

v.

SHERIFF FRED WEGENER, *in his official and individual capacities*;
NURSE SUSAN CANTERBURY, *in her individual capacity*;
NURSE JERI SWANN, *in her individual capacity*;
NURSE CATHLENE PEARCE, *in her individual capacity*; and
DOCTOR KATHERINE FITTING, *in her individual capacity*,

      Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
_____

Defendants, **SHERIFF FRED WEGENER, NURSE SUSAN CANTERBURY, NURSE JERI SWANN**, and **NURSE CATHLENE PEARCE**, by their attorneys, **SENTER GOLDFARB & RICE, LLC**, hereby respond to Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 49], as follows:

#### I.   INTRODUCTION

1. On February 14, 2017, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (hereinafter "Motion") to add an additional Defendant, Captain Daniel Muldoon. Plaintiff argues that he "only became aware of facts to support liability … during Defendant Nurse Susan Canterbury's deposition." Doc. 49 at 3. Even if Plaintiff's explanation was believed, it would not constitute "good cause" for waiting nearly seven months after the Scheduling Order's

deadline to amend pleadings to file his Motion. Indeed, there is no basis to justify this delay as Plaintiff has known about Captain Muldoon and his involvement since before the filing of the Complaint or at the very latest when Park County Defendants produced their Initial Disclosures. Furthermore, the statute of limitations has passed and bars the assertion of any claims against Captain Muldoon.

2. Plaintiff filed his initial Complaint on November 14, 2015. Doc. 1. The filing occurred one year and eight months after the last contact giving rise to this litigation, which occurred on March 10, 2014, when Kyle Schwark was hospitalized at Denver Health. *Id.* at 10. The Complaint originally listed five Defendants: (1) Sheriff Fred Wegener; (2) Nurse Susan Canterbury; (3) Nurse Jeri Swann; (3) Nurse Cathlene Pearce; and (4) Doctor Katherine Fitting.

3. The parties conducted their Scheduling Conference on June 23, 2016. Doc. 30. During the conference, the Court ordered the following deadlines in the case: (1) July 15, 2016, deadline for amending pleadings and joinder of parties; (2) January 23, 2017, deadline for discovery cut-off; and (3) February 22, 2017, deadline for dispositive motions. *Id.* at 8.

4. More than a week prior to the Scheduling Conference, on June 14, 2016, the parties exchanged their initial disclosures. Immediately after the named Defendants, the Park County Defendants' initial disclosures list Captain Dan Muldoon as a person "likely to have discoverable information" pertaining to this case. *See* Park County Defendants' Initial Disclosures, attached as **Exhibit A**. Specifically, the document states "Captain Muldoon oversees operations for the Park County Jail. He has discoverable information regarding various allegations in Plaintiff's Complaint, and operations and training at the Park County Jail. **Exhibit A**, at 2.

5.     With their initial disclosures, Park County Defendants provided copies of two documents that are relevant to the issue currently before the Court: (1) "Email chain between Susan Canterbury and Cynthia Parker re Kyle Schwark. [Schwark.Park 000033-34]" (hereinafter "Email Chain"); and (2) "March 10, 2014 memorandum to Denver Health from Capt. D. Muldoon. [Schwark.Park 000050]" (hereinafter "Memo"). **Exhibit A**, p. 5. The Email Chain provides Nurse Canterbury's correspondence with Cynthia Parker, Psy.D on March 5, 2014, which described the nurse's interactions with Mr. Schwark that day. *See* Email Chain, attached as **Exhibit B**. This email also specifically mentions Captain Muldoon in discussing Mr. Schwark's condition: "gave the captain a reality check." **Exhibit B**, p. 1. Moreover, the initial disclosures included a Memo issued on March 10, 2014, by the Captain to Denver Health confirming that "[t]he Park County Jail will assume financial responsibility for the care of Kyle Schwark." Memo, attached as **Exhibit C**. In short, Park County Defendants provided documents to Plaintiff in advance of the Scheduling Conference that indicated Captain Muldoon's potential involvement and negate any argument that Plaintiff only learned the extent of the Captain's participation during Nurse Canterbury's deposition on February 7, 2017.

## II.     STANDARD OF REVIEW

6.     Given there was a Scheduling Order in place for this case, Plaintiff incorrectly argues that Rule 15 of the Federal Rules of Civil Procedure controls his motion for leave to amend. "Under Rule 16(b)(4), a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). In the Tenth Circuit, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule

15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

7. As the *Pumpco, Inc.* court explained, Rule 16(b) dictates a more stringent standard than Rule 15(a), requiring some persuasive reason as to why the amendment could not have been effected within the time frame established:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

204 F.R.D. at 668 (citations and internal quotation marks omitted) (emphasis added). "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (citation and internal quotation marks omitted) (interpreting good cause for extension of time to file notice of appeal).

8. To demonstrate good cause pursuant to Rule 16, a plaintiff must "show that it has been diligent in attempting to meet deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006) (citations omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. *If the plaintiff knew of the underlying conduct but simply failed to raise [the claims], however, the claims are barred.*" *Birch*, 812 F.3d at 1247 (citing *Gorsuch*, 771 F.3d at 1240) (emphasis added). Moreover,

if Plaintiff fails to show good cause under Rule 16(b), there is no need for the Court to consider whether Plaintiff has satisfied the requirements of Rule 15(a). *See Gorsuch*, 771 F.3d at 1242 ("Having concluded that Plaintiffs lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue.").

### III.     ARGUMENT

9. Plaintiff relies only on Rule 15 for purposes of seeking to amend his Complaint and does not address the application of Rule 16. Under either standard, Plaintiff has provided no persuasive reason why he could not amend the Complaint before the deadline on July 15, 2016, particularly as all information related to Captain Muldoon was provided by June 14, 2016. Under Rule 16's stringent standard, there is no basis for Plaintiff's lack of diligence.

10. Plaintiff agreed to the deadline for amending pleadings at the Scheduling Conference after having more than a week to review Park County Defendants' initial disclosures, which were provided on June 14, 2016. *See* June 23, 2016, Scheduling and Discovery Order, attached at **Exhibit D**. These disclosures listed Captain Muldoon immediately after the named Defendants as an individual "likely to have discoverable information" and explained that "Captain Muldoon oversees operations for the Park County Jail. He has discoverable information regarding various allegations in Plaintiff's Complaint, and operations and training at the Park County Jail." **Exhibit A**, pp. 1-2. As previously discussed, the 26(a)(1) disclosures also included two documents, the Email Chain and Memo, that put Plaintiff on notice of the Captain's potential involvement in Mr. Schwark's alleged constitutional violations.

11. Rather than commencing discovery immediately after the completion of the June 23, 2016, Scheduling Conference, as the Rules permit, Plaintiff's counsel waited until October 4,

2016, more than two months after the amendment deadline, to propound any written discovery. *See* Oct. 4, 2016, Email Sending Plaintiff's First Set of Written Discovery Requests to Defendants, attached as **Exhibit E**. Additionally, although Park County Defendants disclosed Captain Muldoon as an individual with relevant information, none of Plaintiff's discovery requests specifically inquire into Captain Muldoon's knowledge or participation. Moreover, Plaintiff inexplicably waited until January of this year to even request the depositions of Park County Defendants. *See* Emails from Plaintiff's Counsel, dated Jan. 4, 2017 and Jan. 5, 2017, attached as **Exhibit F**. To date, Plaintiff has not requested the deposition of Captain Daniel Muldoon.

12.     Another wrinkle in Plaintiff's proffered justification for waiting almost seven months after the deadline expired to file his Motion is found in the original Complaint. Since the inception of this lawsuit, Plaintiff has continued to allege that Captain Muldoon attended the second sentencing hearing where "Mr. Schwark repeatedly expressed his concern to the Court about the jail continuing to deny him access to his medication." Docs. 1 at 8; 13 at 9. Specifically, the Complaint alleges that the Court permitted "Captain Muldoon from Park County Jail" to make the following statement on the record related to the Jail's policy regarding prescription medication: "Well, sir, our Jail Policy says that the Jail Medical Director trumps any outside medical. So, before we go and issue meds, we have to look into it, and we have to make sure that nothing is contraindicated, which happens quite often. People go to a variety of different doctors, Get a medication from this Doctor, another medication from that Doctor. They cause problems. So, we need to review everything. Have it medically approved." *Id.* Thus, from the outset, Plaintiff and his experienced counsel knew or should have known that the Captain: (1) held a high-ranking position within Park County Jail considering he spoke on the record with respect to an official Jail

policy; (2) had knowledge of the specific policies relevant to Mr. Schwark's claims regarding medical treatment as well as their implementation within Park County Jail, and (3) was present for the second sentencing hearing where Mr. Schwark recounted his prior experience while incarcerated and expressed concern that the Jail would deny him access to his medication in the future. At the very least, Plaintiff was well aware that Captain Muldoon was a valuable source of information, and his failure to conduct any meaningful discovery with respect to the Captain amounts to carelessness.

13.  Interestingly, a review of the proposed Second Amended Complaint and Jury Demand (hereinafter "Amended Complaint") reveals that Plaintiff could have very well based the additional allegations on information provided in the initial disclosures. The most substantive additions are found in paragraph 66 of the Amended Complaint, in which Plaintiff alleges that Nurse Canterbury informed Captain Muldoon on March 5, 2014 that Mr. Schwark had entered a state of psychosis and needed immediate medical attention. Plaintiff further alleges that Captain Muldoon did not provide additional medical treatment to Mr. Schwark until March 10, 2014.[1] First, the Email Chain included Nurse Canterbury's March 5, 2014, email that described Mr. Schwark's psychotic episode that day and indicated Captain Muldoon was aware of the situation. *See* **Exhibit B**, p.1. Second, Captain Muldoon issued the Memo on March 10, 2014, confirming that Park County Jail would pay all bills associated with Mr. Schwark's hospitalization at Denver Health, *see* **Exhibit C**, which clearly indicates that the Captain has a role in authorizing inmate transfers to the hospital. It was not necessary to confirm this information with Nurse Canterbury

---

[1] Paragraph 66 of Plaintiff's proposed Second Amended Complaint in Jury Demand inaccurately alleges the date as March 10, *2013* rather than March 10, *2014*. Doc. 49-2 at 12.

prior to filing a motion to amend the Complaint, and such motion should have been filed prior to July 15, 2016. However, if Plaintiff was not comfortable relying on the initial disclosures to assert such a claim, then diligent efforts would have required Plaintiff's counsel to conduct discovery prior to the amendment deadline to determine the extent of Captain Muldoon's involvement. Simply put, Plaintiff cannot establish good cause for amending the Complaint nearly seven months after the deadline because Plaintiff has not diligently conducted discovery in this case. Likewise, Plaintiff's Amended Complaint is unduly delayed given the underlying facts were known to him much earlier than the date he filed his Motion. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (citation omitted) ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the [Rule 15(a)] motion to amend is subject to denial.").

14. Contrary to Plaintiff's assertion, there is both futility and prejudice associated with his request to amend the Complaint to add a party at this late juncture. The statute of limitations expired long ago on March 10, 2016—exactly two years after the date of the last alleged incident (*i.e.,* Mr. Schwark was transferred to Denver Health on March 10, 2014). As a result, Plaintiff is precluded from asserting claims against Captain Muldoon, who would likely be dismissed on a motion to dismiss. The timeliness of an original complaint does not allow for the addition of a new party after the statute of limitations has run. *See Mwangi v. Norman*, No. 16-cv-00002-CMA-NYW, 2016 WL 7223270, at *6 (D. Colo. Dec. 13, 2016) (finding that "the timeliness of the original Complaint [did] not save the claims asserted against [the Defendant Officer], because he was not named until several months later").

15. Likewise, any attempt to add Captain Daniel Muldoon to this case under Rule 15(c)(1)(C) would be improper. Fed. R. Civ. P. 15(c)(1)(C) permits an amendment that "changes the party ... against whom a claim is asserted" to relate back to the date the original Complaint was filed only when "the party to be brought in by amendment … received such notice of the action that it will not be prejudiced in defending on the merits; and … knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." However, there is nothing in the original Complaint or the First Amended Complaint that would have put Captain Muldoon on notice regarding his liability in this matter. Plaintiff's allegations almost exclusively relate to his medical treatment and the conduct of medical professionals that he interacted with while incarcerated at Park County Jail. Moreover, this is not a situation where Plaintiff named an officer he mistook as Captain Muldoon and now seeks to exchange parties. From the beginning, the Complaint has referenced the Captain by name—not as an individual potentially liable for the alleged constitutional violations, but only as a witness to Mr. Schwark's second sentencing hearing. Accordingly, Plaintiff's request to amend the Complaint is futile and should be denied.

16. Plaintiff's contention that no party will be prejudiced by this amendment ignores the consequences of his delay. The case has been pending for over a year. The discovery cut-off deadline has already been extended once at Plaintiff's request and the current deadline expires in 14 days, on March 24, 2017. Doc. 46. The granting of Plaintiff's untimely Motion will force Defendants to conduct additional and costly discovery, and likely require Park County Defendants to once again take the deposition of Kyle Schwark. More importantly, Plaintiff discovered no evidence related to Captain Muldoon's involvement during Nurse Canterbury's deposition that

was not already available to him. *Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (denying motion for leave to amend the complaint where the "new" information was in initial disclosures and in discovery). Plaintiff's carelessness should not be rewarded.

17.     Plaintiff has not shown good cause pursuant to Rule 16 or Rule 15 to amend his Complaint to add a new party about who he had knowledge of prior to the filing of the original Complaint and prior to the amendment deadline. For these reasons, Plaintiff's Motion should be denied.

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*

s/ Susan E. McNulty
*Susan E. McNulty*
Senter Goldfarb & Rice, L.L.C.
3900 E. Mexico Ave., Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
E-mail:  eziporin@sgrllc.com
E-mail:  smcnulty@sgrllc.com
*Attorneys for the Park County Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of March, 2017, I electronically filed a true and exact copy of the above and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

David A. Lane
Andy McNulty
Dunia Dickey
dlane@kln-law.com
amcnulty@kln-law.com
ddickey@kln-law.com
*Counsel for Plaintiff*

Steven A. Michalek
smichalek@childsmccune.com
ehoward@childsmccune.com
*Counsel for Defendant Dr. Katherine Fitting*

    s/ Barbara A. Ortell
Barbara A. Ortell, Legal Secretary
E-mail: bortell@sgrllc.com

01244230.DOCX