IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-2507-JLK

KYLE JEFFERY SCHWARK,

　　　　Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;
NURSE SUSAN CANTERBURY, in her individual capacity;
NURSE JERI SWANN, in her individual capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual capacity,

　　　　Defendants.

---

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

---

Plaintiff Kyle Schwark, by and through his attorneys David A. Lane, Eudoxie (Dunia) Dickey, and Andy McNulty, the following Reply to Defendants' Response to Plaintiff's Motion for Leave to File a Second Amended Complaint, and in support thereof, states as follows:

**1. Plaintiff's Amended Complaint relates back to the filing of his original Complaint.**

Defendants correctly note that Rule 15(c)(1) governs the relation back of amendments. Pursuant to Rule 15(c)(1), relation back is dependent upon four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known, that but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirement must have been fulfilled within the prescribed limitation. *See Brown v. Uniroyal. Inc.*, 108 F.3d 1306, 1307 (10th Cir. 1997) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). "[Rule 15(c)(1) ]

1

mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S.P.A*, 560 U.S. 538, 540 (2010).

The purpose of the relation back rule is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550. As reflected in the plain language of the statute, Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party. In *Krupski*, the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness on seeking to amend the pleading." 560 U.S. at 541. The Supreme Court explained:

> [T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity," a court may consider the conduct.

*Id.* at 553-54; *Cf. Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000) ("[P]ost-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time" and "can inform a defendant's reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice)"). Plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back.

### 1.1 The claims against Captain Muldoon arose out of the conduct set forth in Plaintiff's Complaint.

The same unconstitutional arrest that implicates liability for Defendants also implicates

Captain Muldoon's liability. Captain Muldoon was the supervisor in charge of the Park County

Jail during Plaintiff's second incarceration. He was one of the reasons, along with the inaction of

the other Defendants, that Plaintiff was forced to suffer for four days without any treatment for

his obvious mental health needs. The same conduct described in paragraphs fifty-three through

sixty-six implicates liability for Captain Muldoon. *See* [Doc. 14-1], pp. 11-13. Under Rule

15(c)(1), the basic claim against Captain Muldoon arose out of the conduct set forth in the

original pleading, Plaintiff's Complaint. In *Gilles v. United States*, 906 F.2d 1386 (10th Cir.

1990) (en banc), the district court concluded that the plaintiff's amended complaint did not relate

back and dismissed his suit as untimely. Reversing on this point, the Tenth Circuit stated:

> Here both the original and amended complaints contain almost identical portions
> entitled "Gravamen Of Complaint," averring that the United States, through its
> agents and employees, negligently treated plaintiff Gilles with resulting
> irreparable damage to his health so that his heart condition became inoperable and
> his life expectancy has been considerably diminished. The two complaints are
> grounded on the same nucleus of operative facts, and thus, within the meaning
> of Rule 15(c), the claim asserted in the amended complaint arose out of the same
> "conduct, transaction, or occurrence . . . ."

*Id.* at 1389-90 (citation omitted) (footnote omitted). *Gilles* is analogous to the situation presented

here, where the facts outlined in Plaintiff's Complaint form the same nucleus of operative facts

that implicate Captain Muldoon's liability.

**1.2 Captain Muldoon had constructive notice of Plaintiff's claims against him.**

Captain Muldoon had constructive notice of Plaintiff's Complaint and his liability for the

claims Plaintiff has alleged against him when the Complaint was filed. Because Captain

Muldoon is ostensibly represented by the same counsel as the existing defendants (this seems to

be the case, since counsel for Defendants is making legal arguments on behalf of Captain

Muldoon in Defendants' Response and Captain Muldoon is employed by Park County),

Plaintiff's institution of an action against Defendants serves to provide notice to Captain

Muldoon. Although the Tenth Circuit has not directly addressed whether notice may be imputed through counsel, other circuits and multiple district courts within the Tenth Circuit have found such notice sufficient. *See G.F. Co. v. Pan Ocean Shipping Co*., 23 F.3d 1498, 1503 (9th Cir. 1994) (noting that "[c]ases from other circuits confirm that Rule 15(c) notice is satisfied when 'the parties are so closely related in their business operations or activities that the institution of an action against one serves to provide notice of the litigation to the other'") (citations omitted); *see also Ennis v. HCA Health Services of Oklahoma, Inc*., CIV-04-682-D, 2008 U.S. Dist. LEXIS 47001, 2008 WL 2510101, *4, n.3 (W.D. Okla. June 17, 2008) (finding that constructive notice may be imputed to a new defendant through its attorney who also represents the party or parties originally sued); *Santistevan v. City of Colo. Springs*, No. 11-cv-01649, 2012 U.S. Dist. LEXIS 10942, at *7 (D. Colo. Jan. 31, 2012). Notably, the Court in *Krupski* also found constructive notice where the entity originally sued was represented by the same counsel as the prospective defendant. *See Krupski*, 130 S. Ct. at 2491-92.

In a similar case, a District of Colorado court found that a newly added law enforcement defendant, added after the statute of limitations expired, had constructive notice prior to the statute of limitations because he was represented by the same counsel as the other named defendants in the initial complaint and he was employed by the same law enforcement agency as the already-named defendants. *See Santistevan*, 2012 U.S. Dist. LEXIS 10942, at *7; *see also Laratta v. Raemisch*, No. 12-cv-02079, 2014 U.S. Dist. LEXIS 42824, at *24-29 (D. Colo. Feb. 26, 2014). Moreover, courts in other circuits have held that notice may be imputed to unnamed law enforcement defendants who worked in the same department as the named law enforcement defendants and were represented by the same counsel. *See Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980) (new defendant represented by same attorney as original defendant); *Richmond v.*

*McElyea*, 130 F.R.D. 377, 382 (E.D. Tenn. 1990) (new defendants were employees of original

defendant and were represented by the same counsel); *Florence v. Krasucki*, 533 F. Supp. 1047,

1054 (W.D.N.Y. 1982) (unnamed and named defendants were employed in the same police

department and were represented by the same attorney); *Ames v. Vavreck*, 356 F. Supp. 931, 942

(D. Minn. 1973) (unnamed defendants worked in same department as named defendants and

were deposed prior to the running of the statute of limitations). The continuity of counsel

between Defendants and Captain Muldoon, combined with the allegations in Plaintiff's

Complaint, illustrates that Captain Muldoon received notice of his liability for violation of

Plaintiff's constitutional rights on June 6, 2016. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196,

1207 (10th Cir. 2006) (undue prejudice most often "occurs when the amended claims arise out of

a subject matter different from what was set forth in the complaint and raise significant new

factual issues").[1] The Park County employees, including Captain Muldoon, and municipality in

this lawsuit are represented by the same attorneys and are part of the same police department.

Captain Muldoon had constructive notice of Plaintiff's claims against him for purposes of Rule

15(c)(1).

### 1.3 Plaintiff made a reasonable mistake regarding Captain Muldoon's role in the violation of Plaintiff's constitutional rights.

In addition to demonstrating that Captain Muldoon received notice of the action, Plaintiff

can also demonstrate that Captain Muldoon "knew or should have known that the action would

have been brought against [him], but for a mistake concerning the proper party's identity[.]" Fed.

R. Civ. P. 15(c)(1)(C)(ii). The Supreme Court of the United States' decision in *Krupski* defined

"mistake" broadly to include misunderstandings regarding a prospective defendant's status or

---

[1] Any prejudice to Defendants and Captain Muldoon can be cured by amendment of the
Scheduling Order; Plaintiff is willing to stipulate to amendment of the Scheduling Order should
this Court deem it necessary to cure any prejudice to Defendants and Captain Muldoon.

role. *See Krupski*, 130 S. Ct. at 2494. The Court explained that "a plaintiff may know that [party A] exists, while erroneously believing him to have the status of party B," and similarly, that "a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." *Id*. The Court held that both misunderstandings constituted "a mistake concerning the proper party's identity" under Rule 15(c)(1)(C)(ii). *Id*. In other words, Plaintiff's knowledge of the parties' existence is not determinative. *See id*. Therefore, contrary to Defendants' assertions, Plaintiff's knowledge of the existence of Captain Muldoon at the time he filed his Complaint does not preclude a finding of mistake. *See Krupski*, 130 S. Ct. at 2494 ("[I]t would be an error to conflate knowledge of a party's existence with the absence of mistake."); *Santistevan*, 2012 U.S. Dist. LEXIS 10942, at *7.

Plaintiff's decision to only name Defendants in the Complaint was based on a mistaken belief concerning Captain Muldoon's role in the unconstitutional treatment of Plaintiff. Prior to Defendant Canterbury's deposition, there was no way to know that Captain Muldoon was liable for the continuing unconstitutional care provided to Plaintiff. During Defendant Canterbury's deposition, Plaintiff learned that Captain Muldoon explicitly forbid the Defendant nurses and doctor from transferring Plaintiff to a mental health facility, despite his presenting obvious signs and symptoms of a serious medical need. In other words, Plaintiff only earned through the depositions of Defendant Canterbury that some of the relevant decisions were made by Captain Muldoon and of Captain Muldoon's liability for the violation of Plaintiff's constitutional rights. This misunderstanding regarding Captain Muldoon's role constitutes a mistake within the meaning of Rule 15(c)(1)(C)(ii). *See Krupski*, 130 S. Ct. at 2494.

**2. <u>Conclusion</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's

Motion for Leave to File a Second Amended Complaint, accept as filed Plaintiff's Second

Amended Complaint, and grant any other relief that is deemed just and proper.

Respectfully submitted this 3rd day of April, 2017.

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*
_____
David A. Lane
Eudoxie (Dunia) Dickey
Andy McNulty
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dlane@kln-law.com
ddickey@kln-law.com
amcnulty@kln-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2017, I filed the foregoing via CM/ECF which will
generate a notice and service on the following:

Steve Michalek
Childs McCune
821 17th Street, Suite 500
Denver, CO 80202
smichalek@childsmccune.com
*Attorney for Dr. Katherine Fitting*

Eric Ziporin
Ashley Kelliher
Senter Goldfarb & Rice
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
eziporin@sgrllc.com
sohayre@sgrllc.com
*Attorneys for Sheriff Fred Wegener,*

7

*Susan Caterbury and Jeri Swan*

*s/ Sydney Wolak*
Sydney Wolak
