**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;
NURSE SUSAN CANTERBURY, in her individual capacity;
NURSE JERI SWANN, in her individual capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual capacity,

Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 49)

---

Kane, J.

This matter is before me on Plaintiff Kyle Jeffery Schwark's Motion for Leave to File a Second Amended Complaint (ECF No. 49), in which he seeks to add Captain Daniel Muldoon as a defendant in this case. Defendants Sheriff Fred Wegener, Nurse Susan Canterbury, Nurse Jeri Swann, and Nurse Cathlene Pearce ("Opposing Defendants") oppose adding the Captain and amending the First Amended Complaint ("Complaint"). Finding that Mr. Schwark has shown good cause for and that justice requires amendment of the Complaint, I grant his Motion.

According to the stipulated Scheduling and Discovery Order (ECF No. 30) in this case, the deadline to amend pleadings was July 15, 2016. Mr. Schwark filed his Motion requesting leave to amend the Complaint on February 14, 2017, almost seven months after the deadline. Opposing Defendants are correct that, since there is a scheduling order, Mr. Schwark must establish (1) good cause to modify that order under Federal Rule of Civil Procedure 16(b)(4) and

(2) satisfaction of the Rule 15(a) amendment of pleadings standard. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

I. Rule 16(b)

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco*, 204 F.R.D. at 668). The standard may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed. *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco*, 204 F.R.D. at 668-69).

Here, Mr. Schwark asserts that he recently learned at the deposition of Defendant Canterbury that Captain Muldoon is also liable for the violation of his constitutional rights. According to Defendant Canterbury's account, the Captain prevented her from providing medical treatment to Mr. Schwark. Opposing Defendants argue that Mr. Schwark could have obtained this information much sooner but did not pursue discovery with diligence. They incorrectly assume that knowledge of Captain Muldoon's position at the jail necessarily amounted to knowledge that he was potentially liable. Mr. Schwark chose to elicit information regarding Captain Muldoon's involvement indirectly, perhaps intending to kill two birds with one stone or merely to conserve finite resources. I will not penalize him for implementing a discovery strategy that complied with the Scheduling and Discovery Order and the Federal Rules of Civil Procedure. Mr. Schwark filed his Motion over a month before the discovery deadline, and there is no clear indication that he did not proceed with diligence. Since good cause includes

circumstances in which a plaintiff learns new information through discovery, I find he has shown that an exception to the scheduling order is permissible under Rule 16(b)(4).

II. Rule 15(a)

Mr. Schwark must also establish satisfaction of the amendment of pleadings standard in Federal Rule of Civil Procedure 15(a). The time for him to amend the pleading as a matter of course has passed, so he can only do so at this point with the opposing party's written consent or the court's leave. Fed. R. Civ. Pro. 15(a)(2). A court should freely give leave to amend a pleading "when justice so requires." *Id.* Considering the serious allegations against Captain Muldoon and the preference of deciding claims on their merits, justice almost certainly requires amendment of the Complaint in this case.

Denial of leave to amend under Rule 15(a) is generally only "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)). Opposing Defendants do not claim that Mr. Schwark has failed to cure deficiencies by amendments previously allowed or that he is acting in bad faith or with dilatory motive. They do, however, argue that the request to add Captain Muldoon as a defendant is unduly delayed and that doing so would cause them undue prejudice and is futile. As explained above, I find there was no undue delay in Mr. Schwark filing his Motion.

"Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Opposing Defendants contend that adding Captain Muldoon as a defendant will cause further

delay in the case and necessitate additional and costly discovery, which will unfairly impact them. Since the subject matter and factual issues will remain nearly identical, though, any additional discovery should be minimal and their ability to prepare their defense should not be affected.[1] Their assertion that they will suffer undue prejudice is, therefore, unpersuasive.

*Futility and Relation Back of the Amendment*

Lastly, Opposing Defendants assert that adding Captain Muldoon as a defendant would be futile because the statute of limitations precludes Mr. Schwark from bringing claims against him at this point. As relevant here, Federal Rule of Civil Procedure 15(c)(1) allows for an amendment to a pleading to relate back to the date of the original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided . . . for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(b) requires that the claim or defense arise out of the conduct, transaction, or occurrence set out in the original pleading. The purpose of relating an amendment back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010).

Mr. Schwark contends and I agree that the claims against Captain Muldoon arise out of the same conduct set forth in the Complaint.

As for whether Captain Muldoon had notice of the action such that he will not be prejudiced in defending on the merits, I find that he had constructive notice through Opposing

[1] Mr. Schwark has agreed to stipulate to amendment of the Scheduling Order to cure any prejudice to Defendants and Captain Muldoon. *See* Reply at 5 n.1, ECF No. 57. I expect the parties to confer regarding this matter.

Defendants' counsel. This counsel made assertions in the Response on Captain Muldoon's behalf and is likely to represent him, since he is a Park County employee along with Opposing Defendants. Furthermore, the crux of Opposing Defendants' argument is that it should have been obvious to Mr. Schwark that Captain Muldoon should have been considered as a defendant. That rings much more true for Opposing Defendants and their counsel who held the information Mr. Schwark eventually obtained. Captain Muldoon should be able to get up to speed in this case quickly and will have the opportunity to engage in additional discovery, as noted above. Thus, he will not be prejudiced in defending on the merits.

The ultimate question, then, is whether Captain Muldoon "knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski*, 560 U.S. at 549. Opposing Defendants contend that because Captain Muldoon is mentioned in the Complaint without being named as a defendant he should not have known that a mistake was committed or that Mr. Schwark intended to bring the action against him. Yet, merely "know[ing] of a party's existence does not preclude [a plaintiff] from making a mistake with respect to that party's identity." *Krupski*, 560 U.S. at 549. The Complaint is unambiguous that Mr. Schwark intends to pursue those responsible for the violation of his constitutional rights by withholding medical treatment. Compl. at 1, ECF No. 1, 13 (asserting that Mr. Schwark "seek[s] redress and damages for the deliberate indifference to his serious medical needs shown by Defendants' persistent refusal to give [him] specific mediations despite a doctor's order that these were necessary for his health and a Court order that directed them to do so."). Captain Muldoon knew or should have known that, had Mr. Schwark understood his role in the alleged violation of his rights, he would have named him as a defendant.

The requested amendment complies with Rule 15(c)(1) and should relate back to the date of the original pleading. Thus, the addition of Captain Muldoon as a defendant is not barred by the statute of limitations and is not futile. Mr. Schwark has demonstrated that the amendment fulfills the requirements of both Rules 16(b) and 15(a).

Accordingly, Mr. Schwark's Motion (ECF No. 49) is GRANTED. He is directed to file a clean copy of his Second Amended Complaint on or before April 24, 2017.

DATED this 17th day of April, 2017.

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE