IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

      Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;
NURSE SUSAN CANTERBURY, in her individual capacity;
NURSE JERI SWANN, in her individual capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual capacity;
CAPTAIN DANIEL MULDOON, in his individual capacity,

      Defendants.

---

## ANSWER TO SECOND AMENDED COMPLAINT

---

Defendants, **SHERIFF FRED WEGENER**, **CAPTAIN DANIEL MULDOON**, **SUSAN CANTERBURY**, **JERI SWANN** and **CATHLENE PEARCE**, by their attorneys, **SENTER GOLDFARB & RICE, LLC**, and pursuant to Fed. R. Civ. P. 8 and 12, hereby answer and respond to Plaintiff's First Amended Complaint and Jury Demand [Doc. #61] ("Complaint"), as follows:

### ANSWER

1.      Defendants admit the allegations set forth in paragraphs 16 and 20 of the Complaint.

2.      Defendants deny the allegations and characterizations set forth in paragraphs 5, 25, 26, 27, 33, 34, 36, 38, 57, 58, 59, 60, 62, 71, 72, 73, 74, 75, 78, 79, 80, 81, 82, 83, 84, 85, 86, 89, 90, 91, 92, 93, 94, 95, 96, 97, 100, 101, 102 and 103 of the Complaint.

3.      Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the allegations and characterizations contained in paragraphs 8, 17, 18, 19, 21, 22, 24, 39, 44, 45, 46, 47, 49, 50, 51, 54, 56, 61 and 69 of the Complaint and therefore, deny the same.

4.      With respect to the allegations and characterizations contained in paragraph 1 of the Complaint, Defendants admit that Plaintiff was an inmate at the Park County Jail in Park County, Colorado, and that he has brought this lawsuit against them.  Defendants deny the remaining allegations and characterizations contained in said paragraph.

5.      With respect to the allegations and characterizations contained in paragraph 2 of the Complaint, Defendants admit that Plaintiff fractured a vertebrae, sustained a laceration on his head and was transferred to Denver Health.  Defendants deny the remaining allegations and characterizations contained in said paragraph.

6.      With respect to the allegations and characterizations contained in paragraph 3 of the Complaint, Defendants admit that Plaintiff was released on medical furlough and that he returned to the Park County Jail.  Defendants deny the remaining allegations and characterizations contained in said paragraph.

7.      With respect to the allegations and characterizations contained in paragraphs 4 and 68 of the Complaint, Defendants admit that Plaintiff had psychological issues that required him to be hospitalized at Denver Health Medical Center where he was treated with anti-psychotic medications.  Defendants deny the remaining allegations and characterizations contained in said paragraphs.

8.      With respect to the allegations and characterizations contained in paragraphs 6 and 7 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over the federal law claims, and that venue is proper in the United States District Court for the District of Colorado. Defendants further admit that they were residents of the State of Colorado at the time of the alleged events giving rise to this litigation.  Defendants deny all other allegations and characterizations contained in said paragraphs.

9.      With respect to the allegations and characterizations contained in paragraphs 9, 77 and 88 of the Complaint, Defendants admit that they are and were United States citizens and State of Colorado residents at all times relevant to this litigation, and that they were acting pursuant to their official job duties and under color of state law in connection with their interactions with Plaintiff.  Defendants deny all other allegations and characterizations contained in said paragraphs.

10.      With respect to the allegations and characterizations contained in paragraphs 10, 70 and 99 of the Complaint, Defendants admit that Fred Wegener is the Sheriff of Park County, Colorado, and that he trains and supervises jail staff.  Defendants deny all other allegations and characterizations contained in said paragraphs.

11.      With respect to the allegations and characterizations contained in paragraphs 11, 12 and 13 of the Complaint, Defendants admit that Susan Canterbury and Jeri Swann are nurses employed at the Park County Jail, and that Cathlene Pearce was formerly employed as a nurse at the Park County Jail.  Defendants further admit that they provide and provided, respectively, medical care to Park County Jail inmates.   Defendants deny all other allegations and characterizations contained in said paragraphs.

12.     With respect to the allegations and characterizations contained in paragraph 14 of the Complaint, Defendants admit that Katherine Fitting is a supervising physician who oversees the medical care for Park County Jail inmates.  Defendants deny all other allegations and characterizations contained in said paragraph.

13.     With respect to the allegations and characterizations contained in paragraph 15 of the Complaint, Defendants admit that Daniel Muldoon is a Captain within Park County Sheriff's Office who is responsible for the day-to-day operations of Park County Jail. In this capacity, he is responsible for arranging transportation and accommodation of inmates at hospitals. Defendants deny all other allegations and characterizations in said paragraph.

14.     With respect to the allegations and characterizations contained in paragraphs 23 and 53 of the Complaint, Defendants admit that Plaintiff filled out medical questionnaire and emergency notification forms.  Defendants deny all other allegations and characterizations contained in said paragraphs.

15.     With respect to the allegations and characterizations contained in paragraphs 28 and 29 of the Complaint, Defendants deny that Plaintiff's medications were suddenly withdrawn. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraphs and therefore, deny the same.

16.     With respect to the allegations and characterizations contained in paragraph 30 of the Complaint, Defendants deny that they consciously disregarded Plaintiff's serious medical needs by not giving him his medications or any other medical treatment.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the

remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

17.     With respect to the allegations and characterizations contained in paragraph 31 of the Complaint, Defendants admit that on November 14, 2013, Plaintiff had what appeared to be a seizure, and that Nurse Pearce went to Plaintiff's cell and placed a blanket around his head. Defendants deny that Plaintiff was denied any and all medical treatment, and that they failed to provide him with his medications.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

18.     With respect to the allegations and characterizations contained in paragraph 32 of the Complaint, Defendants admit that Plaintiff was taken to the medical pod of the Park County Jail.  Defendants deny all other allegations and characterizations contained in said paragraph.

19.     With respect to the allegations and characterizations contained in paragraph 35 of the Complaint, Defendants deny that Plaintiff had not received any of his prescribed medications. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

20.     With respect to the allegations and characterizations contained in paragraph 37 of the Complaint, Defendants admit that Plaintiff fractured a vertebrae and cut his head.  Defendants deny that Plaintiff's medication was suddenly withdrawn, and that he suffered a seizure and fell off of a gurney onto the floor as a result of sudden withdrawal of his medication.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of

the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

21.     With respect to the allegations and characterizations contained in paragraph 40 of the Complaint, Defendants admit that Plaintiff was transferred to Denver Health Medical Center for evaluation and treatment.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

22.     With respect to the allegations and characterizations contained in paragraphs 41 and 42 of the Complaint, Defendants admit that a furlough order releasing Plaintiff from the Park County Sheriff's Department's custody was issued, that the order characterized Plaintiff's medical conditions as serious and life threatening, and that the order placed Plaintiff on furlough until such time as he is authorized by his doctor to complete the sentence.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraphs and therefore, deny the same.

23.     With respect to the allegations and characterizations contained in paragraph 43 of the Complaint, Defendants deny that they essentially left Plaintiff stranded in Denver.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

24.     With respect to the allegations and characterizations contained in paragraph 48 of the Complaint, Defendants deny that the jail continually denied him access to his medication. Defendants are without sufficient information and knowledge to enable them to form a belief as to

the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

26.     With respect to the allegations and characterizations contained in paragraph 52 of the Complaint, Defendants admit that Plaintiff was rebooked in the Park County Jail.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

26.     With respect to the allegations and characterizations contained in paragraph 55 of the Complaint, Defendants admit that Dr. Fitting ordered the medical staff to discontinue giving Plaintiff suboxone and chlordiazepoxide, and that she began to wean Plaintiff off alprazolam. Defendants deny all other allegations and characterizations contained in said paragraph.

27.     With respect to the allegations and characterizations contained in paragraphs 63 and 64 of the Complaint, Defendants admit that Plaintiff appeared to suffer hallucinations and became incoherent, and that Nurse Canterbury updated Dr. Fitting on Plaintiff's condition. Defendants deny that Plaintiff's medication was suddenly withdrawn.  Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraphs and therefore, deny the same.

28.     With respect to the allegations and characterizations contained in paragraph 65 of the Complaint, Defendants admit that Dr. Singer's office faxed medical information to the Park County Jail on March 5, 2014.  Defendants deny all other allegations and characterizations contained in said paragraph.

29.     With respect to the allegations and characterizations contained in paragraph 66 of the Complaint, Defendants admit that Plaintiff entered a state of psychosis on March 5, 2014 and that he was taken to Denver Health on March 10, 2014. Defendants also admit that Captain Daniel Muldoon learned of Plaintiff's mental condition but deny that he was notified on March 5, 2014. Defendants further deny that Captain Muldoon refused to provide Plaintiff with medical treatment. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the remaining allegations and characterizations contained in said paragraph and therefore, deny the same.

30.     With respect to the allegations and characterizations contained in paragraph 67 of the Complaint, Defendants admit that on March 6, 2014, Nurse Canterbury wrote the email quoted in said paragraph, but the quotation omits parts of Nurse Canterbury's email.  Defendants deny all other allegations and characterizations contained in said paragraph.

31.     Defendants hereby incorporate their responses to the paragraphs that are re-alleged in paragraphs 76, 87 and 98 of the Complaint.

32.     Defendant denies all other allegations not otherwise expressly admitted herein.

## DEFENSES

1.     Plaintiff's Complaint fails, at least in part, to state a legally recognized claim for relief as to Defendants.

2.     Defendants are immune from Plaintiff's claims for relief based on qualified immunity.

3.     Plaintiff's alleged damages, if any, were caused by reasons of the Plaintiff's acts and conduct, not by reason of any unconstitutional conduct by Defendants.

8

4.      Defendants at all times exercised their legal rights in a permissible manner.

5.      Defendants' actions were at all times legally privileged.

6.      Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

7.      Plaintiff has failed to reasonably mitigate his alleged damages.

8.      Plaintiff's damages resulted from an intervening and/or superseding cause.

9.      Plaintiff's damages were caused by other parties or non-parties over whom Defendants neither had control nor right of control.

10.     Defendant reserves the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

## REQUEST FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants request that the Court grant relief as follows:

a.      dismissing Plaintiff's Complaint with prejudice;

b.      entering judgment in favor of Defendants and against Plaintiff for attorney fees expended in defense of this action;

c.      entering judgment in favor of Defendants and against Plaintiff for costs; and

d.      such other and further relief as the Court deems just and proper.

## JURY DEMAND

**DEFENDANT HEREBY DEMANDS THAT THIS CASE BE TRIED TO A JURY PURSUANT TO FED.R.CIV.P. 38.**

Respectfully submitted,

By s/ Eric M. Ziporin
*Eric M. Ziporin*


By s/ Susan E. McNulty
*Susan E. McNulty*
Senter Goldfarb & Rice, LLC
3900 East Mexico, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:  (303) 320-0210
E-mails:  eziporin@sgrllc.com
               smcnulty@sgrllc.com

*Attorneys for Defendants Wegener,
Muldoon, Canterbury, Swann and Pearce*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 2nd day of May, 2016, I electronically filed a true and exact copy of the above and foregoing **ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

David A. Lane
Andy McNulty
Dunia Dickey
Killmer, Lane & Newman, L.L.P.
dlane@kln-law.com
amcnulty@kln-law.com
ddickey@kln-law.com
*Attorneys for Plaintiff*

Steven A. Michalek
Gina L. Glockner
Childs McCune LLC
smichalek@childsmccune.com
gglockner@childsmccune.com
*Attorneys for Defendant Katherine Fitting, M.D.*

s/ Barbara Ortell
Barbara Ortell, Legal Secretary
E-mail:  bortell@sgrllc.com

01267533.DOCX