IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

    Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities; NURSE SUSAN CANTERBURY, in her individual capacity; NURSE JERI SWANN, in her individual capacity; NURSE CATHLENE PEARCE, in her individual capacity; DOCTOR KATHERINE FITTING, in her individual capacity,

    Defendants.

_____

**AFFIDAVIT OF JONATHAN I. RITVO, M.D.**
_____

I, Jonathan I. Ritvo, M.D., being over 18 years of age and being duly sworn, hereby declare and state under oath as follows:

1. I am a licensed physician and board certified by the American Board of Psychiatry and Neurology, with a subspecialty certification in Addiction Psychiatry.

2. I was asked to review medical and jail records and other materials pertaining to Kyle Schwark, specifically in regard to the issue of causation and the care Dr. Katherine Fitting provided to Mr. Schwark during his November 2013 and February 2014 incarcerations at the Park County Jail.

3. I am substantially familiar with the standard of care as it relates to treating patients with substance abuse disorders and the standard of care is similar for internal medicine physicians and psychiatrists when they are treating patients with these conditions.

4. Suboxone is a drug typically used to prevent relapse in opiate addiction. It is a long acting opiate used to reduce the cravings to use illegal opiates, and can be a street drug of abuse. Alprazolam (Xanax) is a benzodiazepine which may be used to treat anxiety, may be provided in extended release or short acting form, and it has a high abuse potential. Librium is a long-acting benzodiazepine often used for alcohol withdrawal.

5. Based on my review of the records, prior to Mr. Schwark's incarceration in November 2013, he was being intermittently prescribed Suboxone and Xanax from Dr. Singer, is primary care provider.

6. According to the Medication Administration Sheets and other pertinent documentation, Mr. Schwark was provided Suboxone, and Xanax on November 13, 2013. Mr. Schwark was also provided Suboxone and Xanax on the morning of November 14, 2013 prior to his seizure at approximately 12:40 p.m.

7. Following Mr. Schwark's apparent seizure on November 14, 2013, he was appropriately taken to the medical unit to avoid the risk of suffering an additional seizure in the jail Pod. Dr. Fitting was notified of Mr. Schwark's status, and it was entirely appropriate to plan to monitor him in the medical unit.

8. It was also appropriate for Dr. Fitting to order Librium and order Mr. Schwark be taken off Xanax and placed on an alcohol withdrawal protocol in light of Dr. Fitting's concern that Mr. Schwark may have been actively withdrawing from alcohol. It is reasonable to stop a person's Xanax when starting Librium and an alcohol withdrawal protocol is often linked to additional medication orders like Librium.

9. There was nothing about Mr. Schwark's condition at that time of his first seizure that required immediate transfer for outside care.

10. With respect to the cause of Mr. Schwark's seizure, it is more medically probable than not the cause of Mr. Schwark's seizure was from alcohol withdrawal. Mr. Schwark continued to receive his Court ordered medications prior to his seizure. Mr. Schwark had two doses of Xanax in the 24-hour period before his seizure. As such, it is not reasonable to believe that Mr. Schwark's seizure was a result of Xanax withdrawal.

11. According to the Medication Administration Sheet and other pertinent documentation relating to the February 2014 incarceration, Dr. Fitting discontinued Mr. Schwark's Suboxone and did not provide Chlordiazepoxide. Instead of the Chlordiazepoxide (Librium), Mr. Schwark was placed on a Xanax weaning protocol in order to help wean him from his chronically used Xanax, which involved being provided Xanax 1 mg, three times per day for three days, twice per day for three days, and once per day for three days.

12. Dr. Fitting's management of Mr. Schwark's medications during his February 2014 incarceration was appropriate. Dr. Fitting's decision to remove Mr. Schwark from his Suboxone was reasonable since Mr. Schwark was going to be in jail and would not be at risk of taking other opioids during that time. Dr. Fitting's implementation of the Xanax weaning protocol was also appropriate as benzodiazepines are not allowed on a long term basis in the jail setting. Dr. Fitting followed a standard course for benzodiazepine withdrawal. This provided protection from alcohol withdrawal and allowed time to monitor his response, and to adjust his medications as needed.

13. When Mr. Schwark demonstrated some evidence of hallucinations, it was reasonable to slow the taper of his Xanax, as was done in this case and refer him to the mental health specialist.

14. With respect to Mr. Schwark's apparent psychotic episode during his second incarceration in February 2014, it is my opinion to a reasonable degree of medical probability that Mr. Schwark was not withdrawing from benzodiazepines because his medications were being appropriately managed. It is also not consistent for a discontinuation of Suboxone to be expected to cause a psychosis, and Mr. Schwark was not discontinued from Librium. Instead, it was most likely the result of alcohol withdraw and the benzodiazepine he was on would have assisted him with that condition.

15. In summary, the care Dr. Fitting provided to Mr. Schwark was well within the standard of care and did not rise to a level of deliberate indifference of his medical needs. Mr. Schwark was receiving the appropriate medications and treatment to try to avoid withdrawal symptoms, and nothing Dr. Fitting did or did not do was a cause of Mr. Schwark's alleged injuries, damages, or losses.

FURTHER AFFIANT SAYETH NOT.

Dated this 8 day of May, 2017.

_____
Jonathan I. Ritvo, M.D.

STATE OF COLORADO )
                                   ) ss.
COUNTY OF Arapahoe )

The foregoing Affidavit of Jonathan I. Ritvo, M.D. was subscribed and sworn to before me by Jonathan I. Ritvo, M.D. this 8 day of May, 2017.

Witness my hand and official seal.

My Commission Expires: 4/21/20

[SEAL]
MERNA M SKIPWORTH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20004012038
MY COMMISSION EXPIRES 04/21/2020

_____
Notary Public