IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

    Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual capacities;  NURSE SUSAN CANTERBURY, in her individual capacity; NURSE JERI SWANN, in her individual capacity; NURSE CATHLENE PEARCE, in her individual capacity; DOCTOR KATHERINE FITTING, in her individual capacity,

    Defendants.

_____

**AFFIDAVIT OF TIMOTHY G. MOSER, M.D.**
_____

    I, Timothy Moser, M.D., being over 18 years of age and being duly sworn, hereby declare and state under oath as follows:

    1.    I am a licensed physician and provide medical care to inmates at the Douglas and Broomfield jails.

    2.    I am substantially familiar with the standards of practice for physicians treating inmates in the jail setting.

    3.    I was asked to review medical and jail records and other materials pertaining to Kyle Schwark, specifically in regard to the care Dr. Katherine Fitting provided to Mr. Schwark during his November 2013 and February-April 2014 incarcerations at the Park County Jail.

    4.    As an initial matter, it is common protocol and within the standard of care for physicians caring for inmates in a jail setting to conduct the majority of their monitoring of patients via the jail nursing staff and over the telephone.

    5.    It is also common protocol and within the standard of care for physicians caring for incarcerated patients to wean inmates from long term benzodiazepine use while they are in the jail. In the jail population, it is common to see diversion of medications to other inmates, and improper use of prescribed medications.

Exhibit L

6. Suboxone, Alprazolam (Xanax), and Librium are controlled substances called benzodiazepine.

7. Suboxone is typically used to prevent relapse in opiate addiction. It is a long acting opiate used to reduce the cravings to use illegal opiates, and is a common street drug of abuse.

8. Xanax is a benzodiazepine which may be used to treat anxiety, may be provided in a long or short acting form, and is highly addictive.

8. In this case, Kyle Jeffrey Schwark's physician prescribed Suboxone for opioid dependence. In my opinion, since Mr. Schwark would not have access to opioids in the jail setting, there was no indication for that medication during his incarceration.

9. With respect to the November 2013 incarceration, more likely than not Mr. Schwark's initial seizure was a result of alcohol withdrawal and not withdrawal from his medications because he received his medications as prescribed by his physician. Moreover, seizures are not typically a side effect of withdrawal from Suboxone or Xanax.

10. In my opinion, Dr. Fitting appropriately prescribed Librium following Mr. Schwark's first seizure. Librium serves to help prevent and manage any further alcohol withdrawal symptoms. It was appropriate for Dr. Fitting to order an alcohol withdrawal protocol given her concerns Mr. Schwark may be exhibiting alcohol withdrawal symptoms.

11. There was nothing about Mr. Schwark's condition following his first seizure and before his second that required immediate transfer for outside care. It was reasonable and appropriate to observe Mr. Schwark in the Medical Unit.

12. With respect to the February 2014 incarceration, Dr. Fitting's medical decision to stop the Suboxone and slowly taper Mr. Schwark's Xanax was reasonable and appropriate.

14. Once notified by the jail staff that Mr. Schwark was exhibiting psychotic like behavior, Dr. Fitting responded appropriately by ordering the Xanax be continued and referring the patient to the in-house psychiatric specialist.

15. It is my opinion, to a reasonable degree of medical probability, that Mr. Schwark's hallucinations were not caused by his withdrawal from benzodiazepines because his medications were being appropriately managed. Further, psychosis is not typically a symptom of withdrawal from Suboxone or Xanax.

16. It is my professional opinion, based on my education, training and experience and my review of the records and evidence in this case, that Dr. Fitting's treatment and management of Plaintiff was reasonable and appropriate and her care does not evidence deliberate indifference to a serious medical need.

of Plaintiff was reasonable and appropriate and her care does not evidence deliberate indifference to a serious medical need.

FURTHER AFFIANT SAYETH NOT.

    Dated this 8 day of May, 2017.

_____
Timothy G. Moser, M.D.

STATE OF COLORADO    )
                                         ) ss.
COUNTY OF Denver       )

    The foregoing Affidavit of Timothy G. Moser, M.D. was subscribed and sworn to before me by Timothy G. Moser, M.D. this 8 day of May, 2017.

    Witness my hand and official seal.

    My Commission Expires: 7/26/2020

    [SEAL]

_____
Notary Public

MARY E BALTZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20004021237
MY COMMISSION EXPIRES JULY 26, 2020