## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02507-JLK

KYLE JEFFERY SCHWARK,

      Plaintiff,

v.

SHERIFF FRED WEGENER, in his official and individual
capacities; NURSE SUSAN CANTERBURY, in her individual
capacity; NURSE JERI SWANN, in her individual capacity;
NURSE CATHLENE PEARCE, in her individual capacity;
DOCTOR KATHERINE FITTING, in her individual capacity,

      Defendants.

_____

## DEFENDANT KATHERINE FITTING, M.D.'S EXPERT WITNESS DISCLOSURES
_____

Defendant Katherine Fitting, M.D. ("Dr. Fitting"), by and through her attorneys, CHILDS MCCUNE LLC, hereby submits the following expert witness disclosures:

Pursuant to the Scheduling Order approved by the Court, Dr. Fitting provides the following expert witness disclosures. All opinions expressed by Dr. Fitting's experts are to a reasonable degree of medical and scientific probability. All endorsed experts are expected to testify regarding their background and qualifications as set forth in these disclosures and each expert's curriculum vitae, including their education, training, and experience in the fields in which they are qualified and their experience concerning the issues in this case. Experts retained to address standard of care issues will also testify concerning their familiarity with the applicable standards of care. These experts will further testify consistent with their deposition testimony, if taken. They may also testify in rebuttal to any opinions expressed by Plaintiff's experts.

Exhibit N

Dr. Fitting's experts will testify as to the foundation for their opinions, including, if any, pertinent and applicable medical principles and concepts, imaging technologies and modalities, literature, anatomy, physiology, biochemistry, and/or pharmacology. Dr. Fitting's experts will further utilize entries in Plaintiff's records and documents in offering their opinions, including explaining the entries based upon common medical nomenclature and practice, and discussing the significance of the entries and the absence of certain findings or notations. The experts may also rely upon the Complaint, discovery responses, and other documents, imaging, photographs or other information disclosed in this case in support of their opinions. Experts endorsed by Dr. Fitting may further be asked to provide opinion testimony based on their knowledge, education, training and experience, as well as their knowledge and review of applicable medical literature, published treatises, periodicals, facts and data made known to them, and any other facts or data reasonably relied upon by experts in their field in forming opinions.

Depositions and discovery have not been completed in this case. Further material may be provided to the experts as it is received. The endorsed experts will be provided with additional materials obtained through discovery including information obtained in the depositions of Plaintiff's endorsed experts that may modify existing opinions or lead to additional opinions. Dr. Fitting reserves her right to offer opinion testimony deemed to be relevant and admissible by the Court in accordance with opinions rendered during the depositions of all experts and to propose hypothetical questions to them at trial based upon evidence to be introduced at trial. To the extent permitted by the Court, Dr. Fitting reserves the right to have her retained experts review and revise or modify their opinions based upon the deposition testimony of witnesses not yet deposed and Plaintiff's experts, as well as newly provided facts, opinions, records, and/or

materials. Dr. Fitting also reserves the right to supplement her experts' opinions and disclosures to answer, rebut, or respond to the testimony and/or opinions of Plaintiff's experts, including those opinions and statements deemed by the Court to be relevant and admissible.

**RETAINED EXPERTS**

1.      **Timothy G. Moser, M.D.**

Dr. Moser's report, setting forth a complete statement of all his opinions and the basis and reasons for them, the facts or data considered in forming them, and any exhibits used to summarize or support them, is provided herewith as **Exhibit A**. His qualifications are provided herewith as **Exhibit B**.  A list of his testimony in the last 4 years is included in Exhibit A. A statement of the compensation to be paid for the study and testimony is provided herewith as **Exhibit C**.

2.      **Jonathan Ritvo, M.D.**

Dr. Ritvo's report, setting forth a complete statement of all his opinions and the basis and reasons for them, the facts or data considered in forming them, and any exhibits used to summarize or support them, is provided herewith as **Exhibit D**. His qualifications including publications in the last ten years, are provided herewith as **Exhibit E**. A list of his testimony in the last 4 years is provided herewith as **Exhibit F**. A statement of the compensation to be paid for the study and testimony is provided herewith as **Exhibit G**.

3.      **All experts retained by any other defendant**

## NON-RETAINED EXPERTS

The following experts include Dr. Fitting, the other defendants, Plaintiff's health care providers, and other persons who have provided care and treatment to him, none of whom are specifically retained experts as defined by F.R.C.P. 26(a)(2)(B). Each treating provider may be called to testify regarding his or her care, treatment, diagnoses, clinical assessments, observations of, and prescriptions for Plaintiff, as well as all studies, tests, and procedures performed, the results thereof, and any opinions regarding causation and prognosis. Each may be called to discuss his or her professional relationship with Plaintiff as well as to relate all conversations, communications, correspondence, or interactions with Plaintiff, each other, or any other individual or entity concerning Plaintiff. Each of the following health care providers is endorsed to testify as to all relevant, admissible matters addressed in his or her deposition, if taken. Each of the following will testify regarding their qualifications corresponding with the areas of treatment of Plaintiff. Each is also endorsed to give opinions relating to his or her medical care to the extent those opinions fall within his or her area of expertise. Finally, each health care provider may be called to testify as to any subject matter contained in Plaintiff's pharmacy records, medical records, diagnostic imaging studies, lab results, or other records. Dr. Fitting also endorses any and all other treating health care providers.

1.      **Katherine Fitting, M.D.**
         **c/o Steven A. Michalek**
         **Elizabeth J.M. Howard**
         **Childs McCune LLC**
         **821 17th Street, Suite 500**
         **Denver, CO 80202**
         **303-296-7300**

Dr. Fitting is a defendant in this case and has information and knowledge regarding the claims and defenses at issue. She will testify regarding all aspects of her care and treatment of the Plaintiff, Kyle Schwark during both of his incarcerations in November 2013 and February through April 2014.

Dr. Fitting's opinions are based on her knowledge, training, and experience as an internal medicine physician as well as her review of Plaintiff's medical records, the depositions taken in this matter, discovery, and pleadings. Dr. Fitting's opinions are expressed to a reasonable degree of medical probability and her testimony may be supplemented based upon additional information received. It isanticipated that Dr. Fitting will testify in accordance with her deposition testimony and may express additional opinions concerning all issues raised in her deposition.

Dr. Fitting will testify to all relevant matters within her areas of expertise, and it is anticipated that her testimony may rebut, in whole or in part, the opinions of Plaintiff's experts. As exhibits, Dr. Fitting may use medical and jail records, imaging, exhibits, diagrams, illustrations, charts, photographs, testimony excerpts, time lines, enlargements of selected medical records, summaries, graphs, models and/or other demonstrative evidence, and appropriate literature and standards during her testimony.  She may also refer in her testimony to information she considered in Plaintiff's medical records (received during the litigation in this matter), deposition transcripts of any other witnesses or experts, and documents produced by any party in discovery or by disclosure, including documents yet to be produced.  Dr. Fitting's opinions may be supplemented as necessary with additional information derived from

depositions and/or other discovery, or from any other information that may be available regarding Plaintiff.

All of Dr. Fitting's opinions are to a reasonable degree of probability and based on her knowledge, education, training, and experience as a board certified internal medicine physician. Dr. Fitting will testify regarding the pertinent aspects of her care and treatment of Plaintiff as it relates to the reasonableness of the care and treatment provided to Plaintiff.  Dr. Fitting will testify that her care and treatment of Plaintiff was reasonable under the circumstances, was within the range of acceptable practices (or standard of care), and was not negligent under the circumstances of this case.  Dr. Fitting will also further testify that she was in no way deliberately indifferent to Plaintiff's medical needs during either his November 2013 or February through April 2014 incarcerations and that her care and treatment was not the cause of any of Plaintiff's alleged injuries, damages, or losses.

Dr. Fitting is expected to testify consistent with her discovery responses, if any, and her explanations of and for the care and treatment provided to Plaintiff. Dr. Fitting is expected to testify that she is a board certified internal medicine physician. Dr. Fitting is expected to testify regarding her training and experience. She will testify regarding the demographics of her practice and will explain that as an internal medicine physician and as the jail physician for Park County Jail she deals routinely with medication management for inmates, as well as changes in medication and that she is familiar with the medications Suboxone, Xanax, and Librium.

Dr. Fitting will testify generally regarding her position at the jail, and her role as the Jail physician for Park County Jail, including the details regarding her clinic hours and routine protocols for communications with jail staff during the hours she is not onsite. Dr. Fitting will

explain that she goes to the jail every Monday for clinic, and is otherwise on call the remaining days.

Dr. Fitting will also testify generally about the inmate population at the jail, and the medical personnel and resources available to these inmates. Dr. Fitting will testify generally regarding the medications that are not provided to the inmates including, but not limited to, narcotics and benzodiazepines. She will further explain that anti-psychotic medications are prescribed by the psychiatric nurse. Dr. Fitting will testify generally regarding distribution of the inmate's medications, explaining that these are distributed by the deputies. She will also explain the process for an inmate to request medical attention, and the fact that these requests are triaged by the nursing staff. Dr. Fitting will explain that she was not provided with details regarding the reasons Mr. Schwark was on Suboxone or Xanax, nor was she provided prior medical records, but that she understood Mr. Schwark was Court ordered to receive these medications.

Dr. Fitting is expected to testify regarding her care and treatment of Plaintiff as it relates to the issues in this case. Dr. Fitting will testify that prior to his November 2013 incarceration that Plaintiff was on a number of different medications, amongst which were Suboxone and Alprazolam (Xanax). Dr. Fitting will testify generally regarding Plaintiff's November 2013 incarceration and will explain that Plaintiff arrived to the jail on November 12, 2013, and was provided with Suboxone and Alprazolam (Xanax) on November 13, 2013.  Dr. Fitting will further explain that Plaintiff was also provided Suboxone and Alprazolam on the morning of November 14, 2013 prior to his seizure, and Librium in the afternoon. Dr. Fitting will explain that she was notified of Plaintiff's seizure, that Plaintiff was brought to medical and that she ordered Librium, and that Mr. Schwark be taken off the Xanax and placed on an alcohol

withdrawal protocol given her concern at that time that he may have been actively withdrawing from alcohol. Dr. Fitting will describe this protocol and will explain that it involves taking frequent vitals, close monitoring and observation, fluid replacement, and in some cases IV fluids. Dr. Fitting will explain that at that time Mr. Schwark's status appeared stable as he was talking, able to eat a portion of his lunch, and able to drink fluids. As such, there was no reason prior to his fall from the table in the medical unit to transfer Mr. Schwark for higher level care. Dr. Fitting will reference and rely upon the Medication Administration sheets in describing this testimony.

Dr. Fitting will testify generally regarding Plaintiff's February 2014 incarceration, and will explain that she ordered that Mr. Schwark not be provided Suboxone or Librium and that he be weaned from his Xanax to attempt to get Mr. Schwark off his chronically used Xanax. She will explain that this involved Mr. Schwark being provided Xanax three times per day for three days, twice per day for three days, and once per day for three days. She will further explain that Mr. Schwark did not require the withdrawal protocol because he was not actively withdrawing from any medications. When Mr. Schwark complained of hallucinations, he was placed back on 1 mg per day of Xanax, and was ultimately sent to Denver Health for further evaluation.

In summary, Dr. Fitting will testify that her care and treatment of Plaintiff was within the accepted range of acceptable practices, or standard of care, that she was not at any time deliberately indifferent to Plaintiff's medical needs, that she exercised her reasonable medical judgment in caring for Mr. Schwark, and that nothing she did or did not do was the cause of Mr. Schwark's injuries, damages, or losses.

   2.  **Susan Canterbury, R.N.**
       **c/o Ashley McCall Kelliher**
       **Eric Michael Ziporin**
       **Senter Goldfarb & Rice, LLC**
       **3900 East Mexico Avenue, Suite 700**
       **Denver, CO 80210**

Susan Canterbury is a defendant in this action. She provided care and treatment to Plaintiff and is expected to testify regarding her care and treatment of Plaintiff. She is also expected to testify consistent with the medical and jail records, her recollections, her communications with other providers, and her deposition testimony if taken. Dr. Fitting incorporates by reference Ms. Canterbury's opinions and qualifications as set forth in her expert witness disclosure.

   3.  **Jeri Swann, R.N.**
       **c/o Ashley McCall Kelliher**
       **Eric Michael Ziporin**
       **Senter Goldfarb & Rice, LLC**
       **3900 East Mexico Avenue, Suite 700**
       **Denver, CO 80210**

Jeri Swann is a defendant in this action. She provided care and treatment to Plaintiff and is expected to testify regarding her care and treatment of Plaintiff. She is also expected to testify consistent with the medical and jail records, her recollections, her communications with other providers, and her deposition testimony if taken. Dr. Fitting incorporates by reference Ms. Swann's opinions and qualifications as set forth in her expert witness disclosure.

   4.  **Cathleen Pearce, R.N.**
       **c/o Ashley McCall Kelliher**
       **Eric Michael Ziporin**
       **Senter Goldfarb & Rice, LLC**
       **3900 East Mexico Avenue, Suite 700**

Denver, CO 80210

Cathleen Pearce is a defendant in this action. She provided care and treatment to Plaintiff and is expected to testify regarding her care and treatment of Plaintiff. She is also expected to testify consistent with the medical and jail records, her recollections, her communications with other providers, and her deposition testimony if taken. Dr. Fitting incorporates by reference Ms. Pearce's opinions and qualifications as set forth in her expert witness disclosure.

      **5.   Cynthia Parker, PsyD**
           **Adult Mental Health Services LLC**
           **101 West Main Street Suite 101**
           **Frisco, CO 80443**

Dr. Parker provides care to inmates at Park County Jail. She provided care and treatment to Plaintiff with respect to his medication management and is expected to testify regarding her care and treatment of Plaintiff. She is also expected to testify consistent with the medical and jail records, her recollections, her communications with other providers, and her deposition testimony if taken.

      **6.   Jonathan W. Singer, D.O.**
           **Health First**
           **8400 E. Prentice Ave., #301**
           **Greenwood Village, CO 80111**
           **303-488-0034**

Dr. Singer provided diagnosis, care, treatment, and prescription management to Plaintiff prior to and following his incarcerations in November 2013 and February 2014 and is expected to testify consistent with his medical records, and his deposition testimony.

**7.  St. Anthony's Summit Medical Center**
   **340 Peak One Dr.**
   **Frisco, CO 80443**
   **970-668-3300**

Plaintiff was treated by providers at St. Anthony's Summit Medical Center on November 14, 2013 prior to being transferred to Denver Health for further care. Representatives, agents, servants, employees, physicians, nurses, and other staff of St. Anthony's Summit Medical Center have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken.

**8.  Denver Health Medical Center**
   **777 Bannock St.**
   **Denver, CO 80204**

Plaintiff was treated by providers at Denver Health Medical Center in November 2013 and February/March 2014 following his apparent seizure and psychosis. Representatives, agents, servants, employees, physicians, nurses, and other staff of Denver Health Medical Center have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken. These providers include, but are not limited to, the following individuals:

   a.  Venkata Manchala, M.D.
   b.  Michael Susalla, M.D.
   c.  Benjamin Metelits, M.D.
   d.  J. Craig Holland, M.D.
   e.  Robert House, M.D.
   f.  Katherine Hurlbut, M.D.
   g.  Thida Thant, M.D.

    h.  Taub, M.D.
    i.  Fried Herbert, M.D.
    j.  Kevin McVaney, M.D.

    **9.  City Market Pharmacy**
        **400 N. Parkway**
        **Breckenridge, CO 80424**
        **970-547-9343**

Plaintiff received prescription medications from City Market Pharmacy. Representatives, agents, servants, employees, physicians, nurses, pharmacists and other staff of City Market Pharmacy have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their records, their recollections, and their deposition testimony, if taken. As of the drafting of these disclosures, defense counsel have requested, but have not received these records and reserve the right to supplement this disclosure based on those records.

    **10.    Vail Summit Orthopaedics, P.C.**
           **2472 Patterson Road, Unit 8**
           **Grand Junction, CO 81505-1100**
           **866-358-0202**

Plaintiff was treated by providers at Vail Summit Orthopaedics related to his cervical fracture. Representatives, agents, servants, employees, physicians, nurses, and other staff of Vail Summit Orthopaedics have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken.

    **11.    Mountain Family Center**
           **(address unknown)**

Upon information and belief, Plaintiff was treated by providers at Mountain Family Center. Representatives, agents, servants, employees, physicians, nurses, and other staff of Mountain Family Center have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken. As of the drafting of these disclosures, defense counsel have requested, but have not received these records and reserve the right to supplement this disclosure based on those records.

      **12.**    **Summit County Ambulance**
                **P.O. Box 4910**
                **Frisco, Colorado 80443**

Plaintiff was provided hospital transport via Summit County Ambulance in November 2013.   As such, Summit County Ambulance personnel have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken.

      **13.**    **Family Integration Counseling**
                **(address unknown)**

Upon information and belief, Plaintiff was treated by providers at Family Integration Counseling. Representatives, agents, servants, employees, physicians, nurses, and other staff of Family Integration Counseling have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken. As of the drafting of these disclosures, defense counsel have requested, but have not received these records and reserve the right to supplement this disclosure based on those records.

**14.     CPHG High County Healthcare P.C.
              (address unknown)**

Upon information and belief, Plaintiff was treated by providers at CPHG High County Healthcare P.C. Representatives, agents, servants, employees, physicians, nurses, and other staff of CPHG High County Healthcare P.C. have knowledge and information regarding the claims, defenses, and alleged damages at issue in this case. They are expected to testify consistent with their treatment as set forth in the medical records, their recollections, and their deposition testimony, if taken. As of the drafting of these disclosures, defense counsel have requested, but have not received these records and reserve the right to supplement this disclosure based on those records.

**15.     Any expert endorsed by any other party.**

**16.     Any other health care providers of Plaintiff not listed above to testify regarding their care and treatment and any other relevant issue raised in Plaintiff's Complaint or the relevant medical records of Plaintiff.**

**17.     Any expert necessary for impeachment and/or rebuttal.**

**18.     Dr. Fitting reserves the right to supplement the opinions of her experts and/or retain or identify additional expert witnesses as the need may arise based on further discovery or to rebut the opinions of the Plaintiff's experts.**

DATED: September 23, 2016.

/s/ Steven A. Michalek
Steven A. Michalek
Elizabeth J.M. Howard
Childs McCune LLC
821 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 296-7300
FAX: (720) 625-3637
Email: smichalek@childsmccune.com
Email: ehoward@childsmccune.com
Attorney for Defendant Dr. Fitting

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2016, a true and correct copy of the foregoing **DEFENDANT KATHERINE FITTING, M.D.'S EXPERT WITNESS DISCLOSURES** was served electronically via electronic mail upon the following:

David A. Lane
Julian Wolfson
Killmer, Lane & Newman, LLP
1543 Champa St., Ste. 400
Denver, CO  80202
Email: dlane@kln-law.com
Email: JWolfson@kln-law.com

Ashley McCall Kelliher
Eric Michael Ziporin
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Email: akelliher@sgrllc.com
Email: eziporin@sgrllc.com

s/ Mary Baltz

This document will be maintained in accordance with C.R.C.P. 121 § 1-26(7).