Policy 121

# PARK COUNTY JAIL
# POLICY AND PROCEDURE MANUAL

| Effective Date: 09/01/2015 | Approval: | Number: J-121-N |
|---|---|---|
| Subject: DECISIONS REGARDING PHARMACEUTICALS AND MEDICAL MARIJUANA ||| 
| Reference: || Standard: |
| Chapter: XXI | Reevaluation Date: | No. Pages 20 |

I. **PURPOSE:** To make clear and understandable regulations regarding the administration of prescription drugs, pharmaceuticals and medical marijuana for inmates of the Park County Jail.

II. **DEFINITIONS:**

Medical Director: A designated physician licensed by the state of Colorado as a medical doctor who is responsible for monitoring and directing the total process by which health care services are provided to offenders.

Controlled substance: Prescription drugs which are prescribed by a licensed medical practitioner or prescribed legally, but can be used illegally. Controlled substances are defined in **C.R.S. 12-22-309 to 12-22-313**.

Registry Identification Card: that document, issued by the state health agency, which identifies a patient, authorized to engage in the medical use of marijuana and such patient's primary caregiver, if any has been designated.

Useable form of Marijuana: means the seeds, leaves, buds, and flowers of the plant (genus) cannabis, and any mixture or preparation thereof, which are appropriate for medical use but excludes the plant's stalks, stems, and roots.

Medical Use: means the acquisition, possession, production, use, or transportation of marijuana or paraphernalia related to the administration of such marijuana to address the symptoms or effects of a patient's debilitating medical condition, which may be authorized only after a diagnosis of the patient's debilitating medical condition by a physician or physicians.

III. **POLICY:**
It is the policy of the Park County Jail to provide the best possible medical care for inmates and detainees in our custody, without compromising safety and security.

IV. **PROCEDURE:**
Inmates and detainees arrive at this facility from a variety of facilities and locations, sometimes with medications and pills that present a challenge to the safe, secure and orderly operation of a detention facility.

05-17-2010 FW/ra

EXHIBIT B

19

Schwark.Park 000167

The Medical Director of the Park County Jail will be responsible for making the assessment of the medical needs of the individuals incarcerated in the Park County Jail. The decisions and recommendations of the Medical Director will be final and will supersede medical decisions that were made at other facilities or by the inmate's personal physician.

Should situations arise which are unexpected or unique, the inmate may appeal the Medical Director's decision. The Director will then review each case on an individual basis and make a determination that in the Director's opinion, best meets the medical needs of the inmate and the security needs of the facility. The Director's decision will be final.

The administration of those allowed pharmaceuticals and controlled substances is covered in Park County Sheriff's Office Jail Division **Policy and Procedure J-121-D.**

At no time will contraband substances be admitted into the facility. Inmates who present a medical marijuana card and are in possession of a quantity of marijuana will be offered the choice of disposing of the substance before admittance or having it destroyed as contraband. Medical marijuana will not be stored in the inmate's property, as it is illegal to admit contraband into the facility (**C.R.S. 18-8-203 First Degree Introduction of Contraband**) nor will it be preserved in evidence, as law enforcement officers did not seize the medical marijuana as evidence of a possible crime.
It is the responsibility of the offender to care for his own property prior to admittance or delegate the responsibility of its disposal to the Park County Jail. The *Agreement for the Disposal of a Quantity of Medical Marijuana* follows as an appendix.

The presentation of a Registry Identification Card and a quantity of marijuana is not, in of itself, sufficient reasonable suspicion to warrant a strip search absent other facts to support the deputy's suspicion. Such facts must then be articulated in writing and signed by a supervisor as in every other case.

Should Detention Deputies suspect that a fraudulent Registry Identification Card has been presented, the validity of the card can be verified by following **Policy Number 2008-01** of the *Office of the State Registrar of Vital Statistics* which states: "The law enforcement representative shall submit a written request on agency letterhead via FAX, mail or hand delivery." Deputies may either submit a copy of the card or the name on the registration card and the number on the card, along with the statement that the card was presented to them.

It is a Class 1 misdemeanor (**18-18-406.3**) for a Registry Identification Card to be fraudulent or to have been tampered with.

When writing any report or Strip Search Authorization Request Form or any other document regarding situations caused by these circumstances, the following must be considered: **18-18-406.3 (5)** "Any...employee, or agent of any state or local law enforcement agency, who releases or makes public any confidential record or any confidential information contained in any such record that is provided to or by the marijuana registry of the department without the written authorization of the marijuana registry patient commits a class 1 misdemeanor".