# EXHIBIT 8

**Kyle Jeffery Schwark vs.**  
**Sheriff Fred Wegener, et al.**  
**Deposition of Katherine Margaret Fitting, MD, FACP**  
January 05, 2017

```
 1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 15-CV-2507-JLK
 3   _____

 4   KYLE JEFFERY SCHWARK,

 5        Plaintiff,

 6   vs.

 7   SHERIFF FRED WEGENER, in his official and individual
     capacities; NURSE SUSAN CANTERBURY, in her individual
 8   capacity; NURSE JERI SWANN, in her individual capacity;
     NURSE CATHLENE PEARCE, in her individual capacity;
 9   DOCTOR KATHERINE FITTING, in her individual capacity,

10        Defendants.
     _____
11
         DEPOSITION OF KATHERINE MARGARET FITTING, MD, FACP
12
                        January 5, 2017
13   _____

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    APPEARANCES:

 2    ON BEHALF OF THE PLAINTIFF:
              DAVID D. LANE, ESQ.
 3            DUNIA DICKEY, ESQ.
              Killmer, Lane & Newman, LLP
 4            1543 Champa Street, Suite 400
              Denver, Colorado  80202
 5            Phone:  303-571-1000
              Email:  dlane@kln-law.com
 6            Email:  ddickey@kln-law.com


 7    ON BEHALF OF DEFENDANTS SHERIFF FRED WEGENER,
      NURSE SUSAN CANTERBURY, NURSE JERI SWANN, AND
 8    NURSE CATHLENE PEARCE:
              ERIC M. ZIPORIN, ESQ. (Telephonically)
 9            Senter Goldfarb & Rice, LLC
              3900 East Mexico Avenue, Suite 700
10            Denver, Colorado  80210
              Phone:  303-320-0509
11            Email:  eziporin@sgrllc.com


12    ON BEHALF OF DEFENDANT KATHERINE FITTING, M.D.:
              STEVEN A. MICHALEK, ESQ.
13            Childs McCune, LLC
              821 17th Street, Suite 500
14            Denver, Colorado  80202
              Phone:  303-296-7300
15            Email:  smichalek@childsmccune.com


16    ALSO PRESENT:
              Kyle Jeffery Schwark
17            Shawn Lindsey
              Sydney Wolak
18

19

20

21

22

23

24

25
```

Case 1:15-cv-02507-JLK   Document 82-8   Filed 10/19/17   USDC Colorado   Page 4 of 10

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 30

```
 1        Q.    (By Mr. Lane)  All right.  Why did you not
 2   change the status quo after the first call from the nurse
 3   where you found out he was on benzodiazepines?  Why did
 4   you not try to wean him at that point?
 5        A.    I had a call early in his incarceration
 6   and didn't have a chance to look at the full picture.
 7   And so my expectation was we needed to just get something
 8   on board at that time, and then we could look at how we
 9   would go about weaning him after that.
10        Q.    So he was able to continue to take his
11   benzodiazepines after that first phone call, right?
12        A.    Yes.  He got his regularly prescribed
13   alprazolam after that phone call, until the second phone
14   call.
15        Q.    And how long had passed between the first
16   phone call and the second phone call?
17        A.    I don't know exactly --
18        Q.    Just ballpark.
19        A.    -- but I think somewhere around 12 hours.
20   It might have been a little bit longer.  I'm not certain.
21        Q.    Okay.  So it's not a hard-and-fast strict
22   rule that you can't have benzodiazepines at the jail, he
23   had benzodiazepines at the jail, right?
24              MR. MICHALEK:  Object to form.
25        A.    He received his medication, and our
```

Case 1:15-cv-02507-JLK   Document 82-8   Filed 10/19/17   USDC Colorado   Page 5 of 10

Kyle Jeffery Schwark vs.                                    Deposition of Katherine Margaret Fitting, MD, FACP
Sheriff Fred Wegener, et al.                                                              January 05, 2017

Page 31

```
 1   expectation would be he would be weaned off of
 2   benzodiazepines.  That is the policy for all patients who
 3   come in on benzodiazepines, with the exception of someone
 4   who is on it for a known seizure disorder for which that
 5   is the only medication that controls a known seizure
 6   disorder.
 7         Q.    (By Mr. Lane)  Okay.  So everybody who's
 8   getting weaned off of benzodiazepines continues to take
 9   benzodiazepines while at the jail; they're just taking
10   smaller doses, right?
11         A.    Until they come off.  That's correct.
12         Q.    So there is no actual rule that says you
13   can't have -- you can't be on benzodiazepines at the
14   jail, because everybody who is getting weaned is on
15   benzodiazepines at the jail, right?
16               MR. MICHALEK:  Object to form.
17         A.    That's one way to look at it.  But if we
18   had a standing rule that you couldn't wean off of
19   benzodiazepines, then the jail couldn't accept anyone who
20   had a prescription for a benzodiazepine.  And that would
21   not be appropriate.
22         Q.    (By Mr. Lane)  And what are the side
23   effects from being weaned off benzodiazepines?
24         A.    Being weaned off?
25         Q.    Yes.
```

Case 1:15-cv-02507-JLK   Document 82-8   Filed 10/19/17   USDC Colorado   Page 6 of 10

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 43

```
 1         A.    It depends on what you mean by having a
 2   seizure situation in the jail.
 3         Q.    Well, if somebody has had a seizure, is it
 4   sound policy to put that person on a top bunk, because if
 5   they have another seizure, they could very easily fall
 6   out of their top bunk and injure themselves?
 7               MR. MICHALEK:  Object to form.
 8         A.    For patients that have known seizure
 9   disorders, that's generally the way that is handled.  For
10   single seizures that we feel may be related to alcohol,
11   since those generally are isolated and don't recur,
12   that's not always the situation.
13         Q.    (By Mr. Lane)  Well, let's assume for a
14   minute Mr. Schwark was lying down on the examination
15   table.
16               Now, you're familiar with hospital beds,
17   right?
18         A.    Yes, I am.
19         Q.    Hospital beds have rails that come up to
20   prevent patients from coming out of their beds, correct?
21         A.    Many of them do.
22         Q.    And Mr. Schwark was in Medical, having
23   just recently had a seizure, correct?
24               MR. MICHALEK:  Object to form.
25         A.    Yes.
```

Case 1:15-cv-02507-JLK   Document 82-8   Filed 10/19/17   USDC Colorado   Page 7 of 10

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 93

```
 1       A.     Yes.
 2       Q.     It's for Kyle Schwark.  Number 1 says, "DC
 3   Suboxone."  What is -- is that to discontinue Suboxone?
 4       A.     Correct.
 5       Q.     Number 2, "DC" --
 6       A.     Chlordiazepoxide.
 7       Q.     Right.  Discontinue that?
 8       A.     Yes.
 9       Q.     And then to wean off the --
10       A.     Alprazolam.
11       Q.     Alprazolam.
12              Okay.  What does the rest of that note
13   mean?
14       A.     That's the dosing schedule for the
15   alprazolam.
16       Q.     Okay.  You were just going to cut him off
17   completely on the Suboxone and chlordiazepoxide?
18       A.     Chlordiazepoxide.
19       Q.     Right.
20       A.     As I stated earlier, it's contraindicated
21   to be on two benzodiazepines at the same time, so the
22   chlordiazepoxide was discontinued.  The Suboxone, which
23   is indicated to help people with urges to use alcohol or
24   narcotics, was discontinued because there's no access to
25   alcohol or narcotics in the jail, so it wasn't needed for
```

**Kyle Jeffery Schwark vs.**  **Deposition of Katherine Margaret Fitting, MD, FACP**
**Sheriff Fred Wegener, et al.**  January 05, 2017

Page 107

```
 1                   MR. ZIPORIN:  Yes, please.
 2                   THE REPORTER:  Mr. Lane, do you need it
 3    expedited?
 4                   MR. LANE:  No.
 5                   THE REPORTER:  Okay.  Thank you.
 6                   (Deposition Exhibit 29 marked.)
 7                   * * * * * * * * * * *
 8                   (WHEREUPON, the foregoing deposition was
 9    concluded at the hour of 11:58 a.m.  Total time on the
10    record was 2 hours and 29 minutes.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                I, KATHERINE MARGARET FITTING, MD, FACP,

 2    the deponent in the above deposition, do acknowledge that

 3    I have read the foregoing transcript of my testimony, and

 4    state under oath that it, together with any attached

 5    Statement of Change pages, constitutes my sworn

 6    statement.

 7


 8
            _____   I have made changes to my deposition
 9
            _____   I have NOT made any changes to my deposition
10

11

12                          _____
                            KATHERINE MARGARET FITTING, MD, FACP
13

14

15

16    Subscribed and sworn to before me this  _____ day

17    of   _____.

18

19                     My commission expires: _____

20

21                          _____
                                     Notary Public
22

23

24

25
```

Kyle Jeffery Schwark vs.                                    Deposition of Katherine Margaret Fitting, MD, FACP
Sheriff Fred Wegener, et al.                                                            January 05, 2017
Page 109

```
 1                    REPORTER'S CERTIFICATE

 2                I, Wendy Evangelista, a Registered

 3      Professional Reporter and Notary Public within and for

 4      the State of Colorado, commissioned to administer oaths,

 5      do hereby certify that previous to the commencement of

 6      the examination, the witness was duly sworn by me to

 7      testify to the truth in relation to matters in

 8      controversy between the said parties; that the said

 9      deposition was taken in stenotype by me at the time and

10      place aforesaid and was thereafter reduced to typewritten

11      form by me; and that the foregoing is a true and correct

12      transcript of my stenotype notes thereof; that I am not

13      an attorney nor counsel nor in any way connected with any

14      attorney or counsel for any of the parties to said action

15      nor otherwise interested in the outcome of this action.

16                My commission expires:  August 30, 2020.

17

18

19                            _____
                              Wendy Evangelista
20                            Registered Professional Reporter
                              Notary Public, State of Colorado
21

22                    .

23

24

25
```