*Kyle Jeffery Schwark vs.*

*Sheriff Fred Wegener, et al.*

*Deposition of Katherine Margaret Fitting, MD, FACP*

*January 05, 2017*



700 17th Street, Suite 1750
Denver, CO  80202
303-988-8470 (Office)   303-988-8478 (Fax)
SKReporting.com

Exhibit X

Case 1:15-cv-02507-JLK   Document 87-4   Filed 11/13/17   USDC Colorado   Page 2 of 8

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 60

```
 1         Q.    And is the Park County medical table a
 2   normal table?  Is it about the same height, or is it
 3   taller or shorter?  Do you know?
 4         A.    It's about the same height.
 5         Q.    Okay.  He got 25 milligrams of Librium.
 6   What would be the effect of 25 milligrams of Librium on
 7   Mr. Schwark?
 8         A.    The expectation was it would help prevent
 9   further alcohol-withdrawal seizures.
10         Q.    Okay.  He started to get comfortable, and
11   she went back to work.
12               Now, I take that to mean that he was lying
13   down on this medical table trying to get comfortable.  Is
14   that how you take that?
15               MR. MICHALEK:  Object to form and
16   foundation.
17         A.    I don't know what position he would have
18   been in when he was feeling comfortable.
19         Q.    (By Mr. Lane)  No.  I'm not saying what
20   position he was in.  I'm simply saying, when I read that
21   note, I'm thinking, Here's a guy lying down on a medical
22   table with a blanket on him trying to get comfortable.
23   Whatever position that is, he's lying town trying to get
24   comfortable.
25               Is that how you read that?
```

Case 1:15-cv-02507-JLK   Document 87-4   Filed 11/13/17   USDC Colorado   Page 3 of 8

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 67

```
 1        A.    Correct.
 2        Q.    Which indicates to me that Nurse Pearce
 3  recognized that there's a possibility here that he could
 4  have another seizure.  That's why they gave him Librium,
 5  right?
 6        A.    She gave him Librium because I ordered --
 7              MR. MICHALEK:  Objection to foundation.
 8              MR. ZIPORIN:  Object to form and
 9  foundation.
10        Q.    (By Mr. Lane)  You told them to give him
11  Librium, right?
12        A.    Yes, I did.
13        Q.    Because you were concerned about another
14  seizure, right?
15              MR. MICHALEK:  Object to form.
16        A.    I was concerned that his first seizure may
17  have been alcohol withdrawal.  And the appropriate
18  response to that is to start the Librium to prevent
19  further complications.
20        Q.    (By Mr. Lane)  No, not further
21  complications.  You just said further seizures, right?
22              MR. MICHALEK:  Object to form.  It's a
23  mischaracterization of the testimony.
24        A.    Seizure would be one of the symptoms that
25  could recur.
```

Case 1:15-cv-02507-JLK   Document 87-4   Filed 11/13/17   USDC Colorado   Page 4 of 8

| Kyle Jeffery Schwark vs. | Deposition of Katherine Margaret Fitting, MD, FACP |
|---|---|
| Sheriff Fred Wegener, et al. | January 05, 2017 |

Page 68

```
 1        Q.    (By Mr. Lane)  So you gave him Librium to
 2   prevent a further seizure.  Therefore, you would agree
 3   with me that you were concerned about another seizure,
 4   weren't you?
 5              MR. MICHALEK:  Object to form.
 6        A.    Most of the time, alcohol-withdrawal
 7   seizures are single in nature, but we take the extra
 8   precaution of putting them on preventative medication in
 9   case they aren't.
10        Q.    (By Mr. Lane)  Okay.  And you would agree
11   with me that putting somebody on a table that offered no
12   protection if he did have another seizure is not a
13   medically sound process to undertake, wouldn't you?
14              MR. MICHALEK:  Object to form.  It's
15   already been asked and answered.
16              You can answer one more time.
17        A.    I would say that when that decision was
18   made, it was a nursing decision, and the nurses at the
19   time felt, based on their assessment, that it was safe
20   for him to be there.
21        Q.    (By Mr. Lane)  They were wrong, weren't
22   they?
23              MR. MICHALEK:  Object to form.
24        A.    I believe that they made a sound
25   assessment and, in the best of their knowledge, they did
```

Kyle Jeffery Schwark vs.                                   Deposition of Katherine Margaret Fitting, MD, FACP
Sheriff Fred Wegener, et al.                                                              January 05, 2017
Page 109

```
 1                    REPORTER'S CERTIFICATE

 2                I, Wendy Evangelista, a Registered

 3     Professional Reporter and Notary Public within and for

 4     the State of Colorado, commissioned to administer oaths,

 5     do hereby certify that previous to the commencement of

 6     the examination, the witness was duly sworn by me to

 7     testify to the truth in relation to matters in

 8     controversy between the said parties; that the said

 9     deposition was taken in stenotype by me at the time and

10     place aforesaid and was thereafter reduced to typewritten

11     form by me; and that the foregoing is a true and correct

12     transcript of my stenotype notes thereof; that I am not

13     an attorney nor counsel nor in any way connected with any

14     attorney or counsel for any of the parties to said action

15     nor otherwise interested in the outcome of this action.

16                My commission expires:  August 30, 2020.

17

18

19                              _____
                                Wendy Evangelista
20                              Registered Professional Reporter
                                Notary Public, State of Colorado
21

22                     .

23

24

25
```

*Kyle Jeffery Schwark vs.*

*Sheriff Fred Wegener, et al.*

*Deposition of Jonathan William Singer, D.O.*

*December 21, 2016*



Stevens-Koenig Reporting
700 17th Street, Suite 1750
Denver, CO 80202
303-988-8470 (Office)   303-988-8478 (Fax)
SKReporting.com

Case 1:15-cv-02507-JLK   Document 87-4   Filed 11/13/17   USDC Colorado   Page 7 of 8

Kyle Jeffery Schwark vs.                                                  Deposition of Jonathan William Singer, D.O.
Sheriff Fred Wegener, et al.                                                                      December 21, 2016

Page 26

```
 1  withdrawal?
 2       A.   Yes.
 3       Q.   If Mr. Schwark testified that he began treating
 4  with you at Narconon which then led to his ongoing treatment
 5  with you, would you have any reason to disagree with that?
 6       A.   No, I think that's correct.
 7       Q.   In your private practice, do you provide treatment
 8  to patients for withdrawal?
 9       A.   I do.
10       Q.   Both narcotic withdrawal as well as alcohol
11  withdrawal?
12       A.   Yes.
13       Q.   And are there specific medications that you
14  typically prescribe for withdrawal?
15       A.   I have a variety of medications that I use.
16       Q.   Such as?
17       A.   Suboxone is a common agent I use for withdrawal
18  from opioids.  Benzodiazepines are used for withdrawal from
19  alcohol.  Antianxiety agents, antidepressants, sleep aids, a
20  variety of different things.
21       Q.   Is Librium one of the medications that could be
22  prescribed for alcohol withdrawal?
23       A.   It's one that I commonly prescribe.
24       Q.   What about Xanax?
25       A.   Yeah, I use benzodiazepines, as I said.
```

Case 1:15-cv-02507-JLK Document 87-4 Filed 11/13/17 USDC Colorado Page 8 of 8

**Kyle Jeffery Schwark vs.**  **Deposition of Jonathan William Singer, D.O.**
**Sheriff Fred Wegener, et al.**  **December 21, 2016**

Page 133

```
 1                CERTIFICATE OF COURT REPORTER

 2            I, DEANNA BAYSINGER, a Registered Professional

 3    Reporter and Notary Public within and for the State of

 4    Colorado, commissioned to administer oaths, do hereby

 5    certify that previous to the commencement of the

 6    examination, the witness was duly sworn by me to testify the

 7    truth in relation to matters in controversy between the said

 8    parties; that the said deposition was taken in stenotype by

 9    me at the time and place aforesaid and was thereafter

10    reduced to typewritten form by me; and that the foregoing is

11    a true and correct transcript of my stenotype notes thereof.

12            That I am not an attorney nor counsel nor in

13    any way connected with any attorney or counsel for any of

14    the parties to said action nor otherwise interested in the

15    outcome of this action.

16            My commission expires:  November 8, 2018.

17

18
                          _____
19                        DEANNA BAYSINGER
                          Registered Professional Reporter
20                        Notary Public, State of Colorado

21

22

23

24

25
```