**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-2507-JLK

KYLE JEFFERY SCHWARK,

     Plaintiff,

v.

DOCTOR KATHERINE FITTING, in her individual capacity, and
CAPTAIN DANIEL MULDOON, in his individual capacity,

     Defendants.

---

**FINAL PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

     The final pretrial conference in this matter took place on June 18, 2019 at 10:30 a.m.

Appearances of counsel were as follows:

     For the Plaintiff:    Andy McNulty
                             KILLMER, LANE & NEWMAN, LLP
                             1543 Champa Street, Suite 400
                             Denver, CO 80202
                             Phone: 303-571-1000
                             Emails: amcnulty@kln-law.com

     For the Defendants:   Steven Michalek
                             Childs McCune
                             821 17th Street, Suite 500
                             Denver, CO 80202
                             smichalek@childsmccune.com
                             *Attorneys for Dr. Katherine Fitting*

                             Eric Ziporin
                             Senter Goldfarb & Rice, LLC
                             3900 E. Mexico Ave., Suite 700

Denver, CO 80210
eziporin@sgrllc.com

*Attorney for Captain Daniel Muldoon*

## 2. JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

## 3. CLAIMS AND DEFENSES

**Plaintiff:** This case concerns an action by Kyle Jeffery Schwark, a former inmate at the Park County Jail in Park County, Colorado, who seeks relief from Defendants for being deliberately indifferent to his obvious and serious medical needs in violation of the Eighth Amendment. Defendants violated Mr. Schwark's Eighth Amendment rights by failing to provide and ensure that Mr. Schwark was provided, adequate, medical and mental health care while he was incarcerated in the Park County Jail in February and March of 2014.[1]

**Defendant Muldoon:**  Defendant Muldoon denies the substantive allegations in the Complaint, specifically that he violated Plaintiff's Eighth Amendment rights.  Defendant at no

---

[1] Plaintiff's claims related to the violation of his constitutional rights in November 2013 at the Park County Jail were dismissed by the Court. [Doc. #89]. Plaintiff reserves his right to appeal the dismissal of these claims.

time was deliberately indifferent to Plaintiff's need for medical care. Through personal observation and communications with the medical staff, while Defendant was aware of psychiatric issues involving Plaintiff during the week of March 4, 2014, it was his understanding that Plaintiff was showing signs of improvement and did not require transport to the hospital until March 10, 2014. On that date, Defendant made arrangements to transport Plaintiff to Denver Health. Plaintiff spent only two days at Denver Health and was released without any medication being prescribed or evidence of any mental health injury. Defendant asserts the following defenses: (1) Defendant is entitled to qualified immunity; and (2) Plaintiff has failed to mitigate his alleged damages.

**Defendant Dr. Fitting**: Dr. Fitting also denies the Plaintiff's substantive allegations. It is Dr. Fitting's position that following Mr. Schwark's February 26, 2014 return to the Park County Jail, Mr. Schwark received appropriate treatment and medications. Dr. Fitting's care was within accepted standards of care under the circumstances, was not deliberately indifferent to Plaintiff's medical needs and did not violate Plaintiff's Eighth Amendment rights. Dr. Fitting further states that nothing she did or decided was a cause of or contributed to any of the Plaintiff's alleged injuries or damages. Dr. Fitting further asserts the additional defenses as set forth in her Answer.

## 4. STIPULATIONS

1.      On November 6, 2013, Judge Stephen A. Groome sentenced Mr. Schwark to 60 days of custody and 3 years of probation for an alcohol-related driving offense.

2.      On November 12, 2013, Mr. Schwark reported to the Park County Jail to begin his sentence.

3

3.      On November 17, 2013, Mr. Schwark received a furlough order from Sheriff Wegener releasing him from the custody of the Park County Sheriff's Office due to his medical condition.

4.      Mr. Schwark was discharged from Denver Health on November 19, 2013.

5.      Mr. Schwark returned to the Park County Jail to finish his sentence on February 26, 2014.

## 5. PENDING MOTIONS

None.

## 6.  WITNESSES

**Plaintiff**

a.      **Plaintiff's Non-expert Witnesses:**

WILL CALL

1.      **Kyle Schwark, Plaintiff**

(1) Plaintiff resides in Alma, Colorado; (2) Mr. Schwark will testify about his incarceration at the Park County Jail, particularly with regard to the time frame of February – April 2014, to include his medical status and communications with jail staff during that time frame; (3) Mr. Schwark is expected to testify in person.

2.      **Katherine Fitting, M.D., Defendant**

(1) Dr. Fitting resides in Fairplay, Colorado; (2) Dr. Fitting will testify as to her treatment of Plaintiff at the Park County jail. Dr. Fitting was responsible for overseeing the medical needs of the inmates at the Park County Jail and ensuring that appropriate medical care was rendered and is expected to testify as to her knowledge or information concerning the facts and circumstances

alleged in Plaintiff's Amended Complaint; (3) Dr. Fitting is expected to testify in person.

3.      **Captain Daniel Muldoon, Defendant**

(1) resides in Park County, Colorado; (2) Mr. Muldoon is expected to testify about his involvement with Plaintiff at the Park County jail in February/March of 2014 and his decision to transport him to the hospital; (3) Mr. Muldoon is expected to testify in person.

MAY CALL

4.      **Sheriff Fred Wegener**

(1) Mr. Wegener resides in Florida; (2) Former Sheriff Mr. Wegener is expected to testify that he was responsible for establishing customs, practices, and polices for the medical care of all inmates in the Park County Jail, including but not limited to the procedures and/or actual practices of the Park County Jail as they pertain to the medical care provided to Park County Jail inmates, the disbursement of medication to the Park County Jail inmates, training and supervision of the Park County Jail staff (including all medical staff), and the supervision and training given to all medical providers and other staff responsible for the medical care of inmates at the Park County Jail; (2) Wegener would testify in person.

5.      **Susan Canterbury, RN**

(1) Nurse Canterbury resides in Park County, Colorado; (2) Nurse Canterbury is a former Defendant in this action and was employed as a nurse with the Park County Jail during all or some of the relevant time periods. She is expected to testify that she was responsible for assessing the medical needs of inmates and ensuring that appropriate medical care was rendered. Including any knowledge or information regarding any communications she may have had with Plaintiff, other Defendants, and/or witnesses regarding the facts and circumstances alleged in

Plaintiff's Amended Complaint; (3) Canterbury would testify in person.

6.  **Jeri Swann, R.N.**

(1) Nurse Swann resides in Park County, Colorado; (2) Nurse Swann was employed as a nurse with the Park County Jail during all or some of the relevant time periods  and may be called to testify that she was responsible for assessing the medical needs of inmates and ensuring that appropriate medical care was rendered, including but not limited to the procedures and/or actual practices of the Park County Jail as they pertain to the medical care provided to Park County Jail inmates and the disbursement of medication to Park County Jail inmates; (3) Swann would testify in person.

7.  **Nurse Cathlene Pearce, R.N.**

(1) Nurse Pearce resides in Park County, Colorado; (2) Nurse Pearce is a former Defendant in this action and was employed as a nurse with the Park County Jail during all or some of the relevant time periods. Ms. Pearce may be called to testify that she was responsible for assessing the medical needs of inmates and ensuring that appropriate medical care was rendered, including but not limited to the procedures and/or actual practices of the Park County Sheriff's Department as they pertain to the medical care provided to Park County Jail inmates and the disbursement of medication to Park County Jail inmates; (3) Pearce would testify in person.

8.  **Cynthia Parker, PsyD.**

(1) Dr. Parker resides in Frisco, Colorado; (2) Dr. Parker may be called to testify about the psychiatric evaluations that she conducted at the Park County jail, Plaintiff's medications at the jail, her communications with medical staff, as well as her communications with physicians

at Denver Health in March of 2014; (3) Dr. Parker would testify in person.

    **b.**    **Expert Witnesses**

<u>MAY CALL – Non-retained Experts</u>

    1.    **Jonathan W. Singer, D.O.**

(1) Dr. Singer resides in the Metro Denver Area (2) Dr. Singer may testify to the medical care he provided to Plaintiff including the letters he wrote to Park County Jail, Judge Casias and the Summit County Court regarding Plaintiff's medical condition and need for medication; (3) Dr. Singer would testify in person.

    2.    **Herbert I. Fried, M.D.**

(1) Dr. Fried is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Fried may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Fried would testify in person.

    3.    **Kevin McVaney, M.D.**

(1) Dr. McVaney is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. McVaney may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. McVaney would testify in person.

    4.    **Julie Taub, M.D.**

(1) Dr. Taub is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Taub may testify about her treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Taub would testify in person.

    5.    **Katherine Hurlbut, M.D.**

(1) Dr. Hurlbut is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

Hurlbut may testify about her treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. Hurlbut would testify in person.

      6.    **Robert M. House, M.D**.

      (1) Dr. House is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

House may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. House would testify in person.

      7.    **Michael Susalla, M.D.**

      (1) Dr. Susalla is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

Susalla may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. Susalla would testify in person.

      8.    **Thida Thant, M. D.**

      (1) Dr. Thant is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

Thant may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. Thant would testify in person.

      9.    **Craig Holland, M.D**.

      (1) Dr. Holland is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

Holland may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. Holland would testify in person.

      10.    **Benjamin Metelits, M.D**.

      (1) Dr. Metelits is employed as a physician at Denver Health in Denver, Colorado; (2) Dr.

Metelits may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014;

(3) Dr. Metelits would testify in person.

11.  **Venkata Manchala, M.D.**

(1) Dr. Manchala is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Manchala may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Manchala would testify in person.

<u>Plaintiff does not anticipate using deposition testimony.</u>

**b.**  **Defendant Muldoon**:

(1)  Non-expert witnesses who **<u>will</u>** be present at trial:

i.  **Kyle Schwark**.  (1) last known address is in Alma, Colorado; (2) Mr. Schwark is expected to testify about his incarceration at the Park County Jail, particularly with regard to the time frame of February – April 2014, to include his medical status and communications with jail staff during that time frame; (3) Mr. Schwark is expected to testify in person.

ii.  **Daniel Muldoon**.  (1) resides in Park County, Colorado; (2) Mr. Muldoon is expected to testify about his involvement with Plaintiff at the Park County jail in February/March of 2014 and his decision to transport him to the hospital; (3) Mr. Muldoon is expected to testify in person.

iii.  **Dr. Katherine Fitting**.  (1) Dr. Fitting has a practice out of Fairplay, Colorado; (2) Dr. Fitting will testify as to her treatment of Plaintiff at the Park County jail, her understanding of her relationship with the jail in terms of medical decisions, the prescriptions that she made for Plaintiff, and her review of the prescriptions of Dr. Jonathan Singer; (3) Dr. Fitting is expected to testify in person.

iv.  **Sergeant Scott Theobald**. (1) Sergeant Theobald is employed as a

deputy with the Park County Sheriff's Office; (2) Sergeant Theobald will testify about his interaction and transport of Plaintiff to Denver Health on March 10, 2014; (3) Sergeant Theobald is expected to testify in person.

(2)     Non-expert witnesses who **may** be present at trial if the need arises:

i.     **Fred Wegener**.  (1) The former Sheriff currently resides in Florida; (2) Wegener may be called to testify as to medical protocols at the Park County jail as well as the relationship between the jail and the medical staff in terms of decision-making related to inmate medical care; (2) Wegener would testify in person.

ii.     **Susan Canterbury**.  (1) Nurse Canterbury resides in Park County, Colorado; (2) Nurse Canterbury may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Canterbury would testify in person.

iii.     **Jeri Swann**.  (1) Nurse Swann resides in Park County, Colorado; (2) Nurse Swann may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Swann would testify in person.

iv.     **Cathlene Pearce**.  (1) Nurse Pearce resides in Park County, Colorado; (2) Nurse Pearce may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Pearce would testify in person.

v.     **Cynthia Parker, PsyD**.  (1) Dr. Parker has an office in Frisco, Colorado; (2) Dr. Parker may be called to testify about the psychiatric evaluations that she

conducted at the Park County jail, Plaintiff's medications at the jail, her communications with medical staff, as well as her communications with physicians at Denver Health in March of 2014; (3) Dr. Parker would testify in person.

      vi.    **Sergeant Diavold**.  (1) Sergeant Diavold resides in Park County, Colorado; (2) Sergeant Diavold would testify to his interaction with Plaintiff at the Park County jail in March of 2014; (3) Diavold would testify in person.

      (3)    Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.

      None.

      (4)    Expert witnesses who **<u>will</u>** be present at trial:

      i.    **Dr. Katherine Fitting**.  (1) see above; (2) Dr. Fitting will testify about her treatment of Plaintiff at the Park County jail, specifically as it relates to the decisions that she made regarding his medications; (3) Dr. Fitting will testify in person.

      (5)    Expert witnesses who **<u>may</u>** be present at trial:

      i.    **Cynthia Parker, PsyD**. (1) see above; (2) Dr. Parker may be called to testify about her treatment of Plaintiff at the Park County Jail, her diagnoses, and the medical prescribed; (3) Dr. Parker would testify in person.

      ii.    **Susan Canterbury**; **Jeri Swann**; **Cathlene Pearce**; (1) see above; (2) Nurses Canterbury, Swann, and/or Pearce may be called to testify about their treatment of Plaintiff at the Park County jail; (3) each would testify in person.

      iii.    **Dr. Robert House**.  (1) Dr. House is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. House may testify about his treatment of Plaintiff at

Denver Health from March 10 – 12, 2014; (3) Dr. House would testify in person.

iv.     **Dr. Julie Taub**.  (1) Dr. Taub is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Taub may testify about her treatment of Plaintiff at Denver Health from March 10 – 12, 2014, and her discharge of Plaintiff; (3) Dr. Taub would testify in person.

v.     **Dr. Craig Holland**.  (1) Dr. Holland is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Holland may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Holland would testify in person.

vi.     **Timothy G. Moser, M.D.** (1) Dr. Moser practices out of Edgewater, Colorado; (2) Dr. Moser may testify consistent with his expert report; (3) Dr. Moser would testify in person.

vii.     **Jonathan Ritvo, M.D.**  (1) Dr. Ritvo practices out of Denver, Colorado; (2) Dr. Ritvo may testify consistent with his expert report; (3) Dr. Ritvo would testify in person.

(6)     Expert witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.

None.

**c.     Defendant Fitting:**

**(1)** Lay Witnesses- Will Call:

i.     **Dr. Katherine Fitting**.  (1) Dr. Fitting lives in Fairplay, Colorado; (2) Dr. Fitting will testify as to her treatment of Plaintiff, her understanding of her relationship with the jail in terms of medical decisions, her treatment recommendations for the Plaintiff, her review of

the prescriptions of Dr. Jonathan Singer, the appropriateness of her treatment recommendations and the other matters included in her deposition and disclosures; (3) Dr. Fitting is expected to testify in person.

**(2)** Lay Witnesses-May Call:

    i.    **Kyle Schwark.**  (1) last known address is in Alma, Colorado; (2) Mr. Schwark is expected to testify about his incarceration at the Park County Jail, particularly with regard to the time frame of February – April 2014, to include his medical status and communications with jail staff during that time frame; (3) Mr. Schwark is expected to testify in person.

    ii.    **Daniel Muldoon.**  (1) resides in Park County, Colorado; (2) Mr. Muldoon is expected to testify about his involvement with Plaintiff at the Park County jail in February/March of 2014 and his decision to transport him to the hospital; (3) Mr. Muldoon is expected to testify in person.

    iii.    **Sheriff Fred Wegener.**  (1) The former Sheriff currently resides in Florida; (2) Wegener may be called to testify as to medical protocols at the Park County jail as well as the relationship between the jail and the medical staff in terms of decision-making related to inmate medical care; (2) Wegener would testify in person.

    iv.    **Susan Canterbury, RN.**  (1) Nurse Canterbury resides in Park County, Colorado; (2) Nurse Canterbury may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Canterbury would testify in person.

v.   **Jeri Swann, RN.**  (1) Nurse Swann resides in Park County, Colorado; (2) Nurse Swann may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Swann would testify in person.

vi.   **Cathlene Pearce, RN.**  (1) Nurse Pearce resides in Park County, Colorado; (2) Nurse Pearce may be called to testify as to her treatment of Park at the Park County jail and her communications with Dr. Fitting, Dr. Parker, and Captain Muldoon; (3) Pearce would testify in person.

vii.   **Cynthia Parker, PsyD.** (1) see above; (2) Dr. Parker may be called to testify about her treatment of Plaintiff at the Park County Jail, her diagnoses, and the medical prescribed; (3) Dr. Parker would testify in person.

viii.   **Sergeant Scott Theobald.** (1) Sergeant Theobald is employed as a deputy with the Park County Sheriff's Office; (2) Sergeant Theobald will testify about his interaction and transport of Plaintiff to Denver Health on March 10, 2014; (3) Sergeant Theobald is expected to testify in person.

ix.   **Sergeant Diavold**.  (1) Sergeant Diavold resides in Park County, Colorado; (2) Sergeant Diavold would testify to his interaction with Plaintiff at the Park County jail in March of 2014; (3) Diavold would testify in person.

Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.

None. Dr. Fitting does not anticipate using deposition testimony in the place of direct witness testimony, but does plan to use the testimony for cross-examination, impeachment

14

and other purposes as allowed by the Rules.

(**3**) Expert witnesses- Will Call:

i. **Dr. Katherine Fitting.**  (1) see above; (2) Dr. Fitting will testify about her treatment of Plaintiff at the Park County jail, specifically as it relates to the decisions that she made regarding his medications, how that care was not deliberately indifferent to Plaintiff's medical needs and consistent with her disclosure; (3) Dr. Fitting will testify in person.

(**4**) Expert Witnesses- May Call

(**a**)    Retained Experts

i.    **Timothy G. Moser, M.D.** (1) Dr. Moser practices out of Edgewater, Colorado; (2) Dr. Moser may testify consistent with his expert report; (3) Dr. Moser would testify in person.

ii.    **Jonathan Ritvo, M.D.**  (1) Dr. Ritvo practices out of Denver, Colorado; (2) Dr. Ritvo may testify consistent with his expert report; (3) Dr. Ritvo would testify in person.

(**b**)    Non-retained Experts

i. **Cynthia Parker, PsyD**. (1) see above; (2) Dr. Parker may be called to testify about her treatment of Plaintiff at the Park County Jail, her diagnoses, and the medical prescribed; (3) Dr. Parker would testify in person.

ii. **Susan Canterbury, R.N.; Jeri Swann, R.N.; Cathlene Pearce, R.N.** (1) see above; (2) Nurses Canterbury, Swann, and/or Pearce may be called to testify about their treatment of Plaintiff at the Park County jail; (3) each would testify in person**.**

iii.  **Robert House, M.D.**  (1) Dr. House is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. House may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. House would testify in person.

iv.  **Julie Taub, M.D.**  (1) Dr. Taub is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Taub may testify about her treatment of Plaintiff at Denver Health from March 10 – 12, 2014, and her discharge of Plaintiff; (3) Dr. Taub would testify in person.

v.  **Craig Holland, M.D.**  (1) Dr. Holland is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Holland may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Holland would testify in person.

vi.  **Herbert I. Fried, M.D.** (1) Dr. Fried is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Fried may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Fried would testify in person.

vii.  **Kevin McVaney, M.D.** (1) Dr. McVaney is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. McVaney may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. McVaney would testify in person.

viii.  **Katherine Hurlbut, M.D.** (1) Dr. Hurlbut is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Hurlbut may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Hurlbut would testify in person.

ix.  **Michael Susalla, M.D.** (1) Dr. Susalla is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Susalla may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Susalla would testify in person.

x.    **Thida Thant, M. D.** (1) Dr. Thant is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Thant may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Thant would testify in person.

xi.    **Benjamin Metelits, M.D.** (1) Dr. Metelits is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Metelits may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Metelits would testify in person.

xii.    **Venkata Manchala, M.D.** (1) Dr. Metelits is employed as a physician at Denver Health in Denver, Colorado; (2) Dr. Metelits may testify about his treatment of Plaintiff at Denver Health from March 10 – 12, 2014; (3) Dr. Metelits would testify in person.

Expert Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.

None. Dr. Fitting does not anticipate using deposition testimony in the place of direct witness testimony, but does plan to use the testimony for cross-examination, impeachment and other purposes as allowed by the Rules.

## 7. EXHIBITS

a.    See the attached Exhibit Lists.

b.    Copies of listed exhibits must be provided to opposing counsel no later than seven (7) days after the Pretrial Conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3)(B) shall be made and the final unified exhibit list filed no later than seven (7) days before the Final Trial Preparation Conference unless otherwise ordered.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10.  SETTLEMENT

a.      The parties have not held a formal settlement conference.

b.      Counsel for the parties have conferred via telephone and email during the month of May and June 2019 to discuss in good faith the settlement of the case.

c.      It appears from the discussion by all counsel that there is a possibility of settlement.

## 11. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court <u>to prevent manifest injustice</u>.  This Pretrial Order supersedes the Scheduling and Discovery Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

## 12. TRIAL AND ESTIMATED TRIAL TIME FURTHER TRIAL PREPARATION PROCEEDINGS

a.      Trial is to a jury and is estimated to last 5 days in Denver.

b.      Trial Date: **October 7, 2019.**

c.      Final Trial Preparation Conference Date: _____.

d.      Deadline for filing motions objecting to any testimony of an expert witness based on the requirements of *Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), and their progeny*: **July 18, 2019.**

e.      Deadline for filing unified set of jury instructions: **July 18, 2019.**

18

f.      Deadline for filing all other motions *in limine*, including objections to exhibits and designated deposition testimony: **thirty (30) days before the scheduled date of the Final Trial Preparation Conference.**

DATED this _____day of June 2019.

BY THE COURT:

_____

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

APPROVED:

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*

_____

David A. Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: 303-571-1000
Facsimile: 33-571-1001
Email: dlane@kln-law.com
Email: amnculty@kln-law.com
*Attorneys for Plaintiff*

CHILDS MCCUNE LLC

*s/ Steven A. Michalek*

_____

Steven A. Michalek
821 17th Street, Suite 500
Denver, CO 80202
Phone: 303-296-7300
Facsimile: 720-625-3637
smichalek@childsmccune.com
*Attorneys for Dr. Katherine Fitting*

SENTER GOLDFARB & RICE

*s/ Eric Ziporin*

_____

Eric Ziporin
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Phone: 303-320-0509
Facsimile: 303-320-0210
eziporin@sgrllc.com
*Attorney for Captain Daniel Muldoon*